IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL DOMANN
AND
MARY JO DOMANN
10824 Watercress Road
Strongsville, Ohio 44149

    Plaintiffs,

vs.

FRONTIER AIRLINES
C/O CORPORATION SERVICE
COMPANY
3366 Riverside Drive, #103
Upper Arlington, Ohio 43221

    AND

HUNTLEIGH USA CORP.
5300 Riverside Drive
Cleveland, Ohio 44135

    AND

CITY OF CLEVELAND
Cleveland Hopkins Airport
C/O 601 Lakeside Avenue E.
Cleveland, Ohio 44114

    Defendants.

Case No. 1:22-cv-2243

Judge _____

**DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and all other applicable laws, and without waiving any rights, privileges, or defenses, Defendant Frontier Airlines, Inc. ("Frontier") gives notice of removal of the above-captioned action from the Court of Common Pleas of Cuyahoga County, Ohio (the "State Court Action") to the United States District Court for the Northern District of Ohio, Eastern Division. As grounds for removal, Frontier states as follows:

1

## I. STATEMENT OF FACTS

1. On November 10, 2022, Plaintiffs Michael Domann and Mary Jo Domann (collectively, the "Plaintiffs") initiated the State Court Action by filing a Complaint in the Court of Common Pleas of Cuyahoga County, Ohio, against Defendants Frontier, Huntleigh USA Corporation ("Huntleigh"), and the City of Cleveland ("the City") (**Exhibit A**: Complaint)

2. The Complaint alleges that Plaintiff Michael Domann ("Plaintiff") is a paraplegic who allegedly has no use of his legs, uses a wheelchair, and thus is reliant on upper body strength in his shoulders and arms. (*Id*. at ¶ 2)

3. On February 16, 2022, Plaintiff was a passenger on a Frontier flight from Cleveland Hopkins International Airport ("CLE") to Orlando, Florida. (*Id*. at ¶ 3) Huntleigh allegedly "provides wheelchair services in and about" CLE. (*Id*. at pg. 2) In fact, Huntleigh provides wheelchair services for Frontier passengers at CLE pursuant to a Standard Ground Handling Agreement between Huntleigh and Frontier. (*See* **Exhibit B** Declaration of Timothy J. O'Connell ("O'Connell Decl.") at Ex. 1 (SGHA excerpted pgs. 1-2)

4. The Complaint alleges that, for purposes of boarding the flight and being transported to his seat, Plaintiff is required to be transferred to an "aisle chair": i.e., a wheelchair that fits in narrow aircraft aisles. (*Id*.) The Complaint alleges that "employees of the airlines [Frontier] or their agents [Huntleigh]" wheeled Plaintiff from the gate to the entrance to the aircraft and transferred him to an aisle chair. (*Id*. at ¶ 4) Plaintiff alleges that only one employee was assigned to wheel him onto the aircraft. (*Id*.) The one employee assigned to Plaintiff allegedly turned away, and Plaintiff was "dumped" from the aisle chair to the ground. (*Id*.)

5. According to the Complaint, Defendants' actions caused the Plaintiff to sustain a fall onto his right shoulder, with ongoing weakness and pain in that shoulder requiring treatment,

2

and which may require surgery. (*Id.* at ¶¶ 4-5) Additionally, Plaintiff allegedly requires additional ongoing daily assistance with his life functions. (*Id.* at ¶ 5) Furthermore, Plaintiff Mary Jo Domann, who is alleged to be Plaintiff's wife and "first caregiver," allegedly suffers from loss of society, as well as the need to provide additional care to Plaintiff now and in the future. (*Id.* at ¶ 16)

6. Through this lawsuit, Plaintiffs assert causes of action against all three Defendant, alike, for "strict liability," "negligence and reckless disregard," "punitive damages," and "consortium." (Id. at ¶¶ 6-12, 15-16)

7. The online docket in the State Court Action shows that Plaintiffs served Fronter by mail on November 17, 2022. (**Exhibit C**). The online docket in the State Court Action shows that Huntleigh has not been served despite attempts on November 18 and 28, 2022. (Id.; see also 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.") (emphasis added). Thus, Huntleigh's consent in this removal is not required.

9. Additionally, as explained in detail below, the City was fraudulently joined in this action for the purpose of defeating complete diversity. Thus, the City's consent in this removal is not required. *See Chambers v. HSBC Bank USA*, 796 F.3d 560, 564 (6th Cir. 2015) (finding that consent of fraudulently joined defendant is not needed for removal).

10. As explained below, this action is removable to federal court under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000, and all the procedural requirements for removal are satisfied.

11. Alternatively, Plaintiffs allege that federal law creates their causes of action, so this

action is removable to federal court pursuant to federal question jurisdiction under 28 U.S.C. § 1331.

**II.     ARGUMENTS AND AUTHORITIES**

    **A.     There Is Complete Diversity of Citizenship Between Plaintiffs and the Properly Joined Defendants, and More Likely Than Not the Amount in Controversy Is in Excess of $75,000, So There is Diversity Jurisdiction Under 28 U.S.C. § 1332(a).**

        **1.     There Is Complete Diversity of Citizenship Between the Properly Joined Parties.**

12.     Because the properly joined Plaintiffs are citizens of Ohio, and the properly joined Defendants are citizens of Colorado, Missouri, and Texas, there is complete diversity of citizenship between the properly joined parties to this case and removal is proper under 28 U.S.C. § 1332(a).

13.     Plaintiffs allege that they are residents of Strongsville, Ohio. (**Ex. A** pg. 1)). Because Plaintiffs bring this suit in their individual capacities, they are citizens of Ohio for removal purposes.

14.     Plaintiffs correctly allege that Defendant Frontier is and was at all times relevant to these proceedings a corporation with its principal place of business in Denver, Colorado. (*Id.* at pg. 2) Additionally, Frontier is incorporated in the State of Colorado. (*See* **Ex. B**, O'Connell Decl. at Ex. 2 (Frontier's Secretary of State registration details) For the purposes of diversity jurisdiction, Frontier is a citizen of Colorado. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title[,] a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

15.     Plaintiffs inaccurately or incompletely allege that Defendant Huntleigh is "officed" in Cleveland, Ohio. (**Ex. A** pg. 2) However, whether Huntleigh maintains an office in Ohio is not

relevant to the jurisdictional analysis. *See* 28 U.S.C. § 1332(c)(1). Instead, Huntleigh is incorporated in the State of Missouri, and Huntleigh has its principal place of business in Texas. (*See* **Ex B**, O'Connell Decl. at Ex. 3; *id*. at Ex. 4). Thus, for the purposes of diversity jurisdiction, Huntleigh is a citizen of Missouri and Texas. *See* 28 U.S.C. § 1332(c)(1).

16. As explained more fully below, Defendant City of Cleveland was fraudulently joined in this litigation. Therefore, its citizenship, should not be considered for purposes of the diversity analysis. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

17. Because the City was fraudulently joined, Plaintiffs are Ohio citizens, and the properly joined Defendants are citizens of Colorado, Missouri, and Texas, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

**2. The Diversity-Defeating Party, the City of Cleveland, Was Fraudulently Joined.**

18. Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the non-diverse parties were fraudulently joined. See Coyne, 183 F.3d at 493 ("[The] fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."). A party is fraudulently joined where "there can be no recovery under the law of the state on the cause alleged" or where there is "no reasonable basis for predicting that the state law might impose liability on the facts involved." Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994). When determining whether a party has been fraudulently joined, the Court applies at test similar to the analysis under a Rule 12(b)(6) motion to dismiss. Casias v. Wal-Mart Stores, Inc., 695 F.3d 428, 433 (6th Cir. 2012).

19. Here, the Ohio citizenship of Defendant City of Cleveland should be ignored under the doctrine of fraudulent joinder because the Complaint fails to state a claim for relief against the City. *See Casias*, 695 F.3d at 433.

5

20. The Complaint alleges that "employees of the airlines [Frontier] or their agents [Huntleigh]" wheeled Plaintiff from the gate to the entrance to the aircraft and transferred him to an aisle chair. (*Id*. at ¶ 4) Plaintiff alleges that only one such employee was assigned to wheel him onto the aircraft. (*Id*.) The one employee assigned to Plaintiff allegedly turned away and Plaintiff was "dumped" from the aisle chair to the ground. (*Id*.) Plaintiff alleges that the aisle chair was not properly staffed with a "second employee to help him with the transfer to and the movement of the aisle chair" (*Id*. at ¶¶ 11, 14) Additionally, Plaintiff alleges that the foregoing incident was cause by an aisle chair that "was not properly managed or equipped," and that the condition of the aisle chair was not properly maintained. (*Id*. at ¶¶ 10, 14) All of the foregoing allegations are directed to Frontier and/or Huntleigh, and none are directed to the City.

21. Instead, Plaintiffs merely allege that the City "owns and operates" CLE. (**Ex. A,** pg. 1) Additionally, Plaintiffs allege that the City "is subject to Title 49 of the U.S. Code in its duty to provide a safe airport which is adaptive to handicapped usage." (*Id*.; *see also id*. at ¶ 6) Plaintiffs also appear to allege that the City is liable under Title 29. (*See id*. at ¶ 6 ("Under…29 USC citizens of the U.S. have a public right of transit through navigable U.S. airspace and both airlines and airports have a duty to protect individuals utilizing these airports…"); *id*. at ¶ 9 ("Section 502 29 USC 792 requires that airports and airlines in [sic] their respective agents are required to make their facilities accessible for handicapped people"); *id*. at ¶ 11 ("…a disgraceful violation of 29 USC 92.")

22. The Complaint, however, does not allege *any* facts showing how the City's ownership or operation of CLE caused or contributed to the alleged aisle chair incident. (*Id*., generally) Additionally, the Complaint does not allege facts showing that a defect or hazards on the airport premises caused or contributed to the incident. (*Id*.) Furthermore, the Complaint does

not allege that any acts or omissions by any City employees or agents caused or contributed to the alleged incident. (*Id*.) Moreover, Plaintiffs do not allege that the City owned, operated, maintained, equipped, or staffed the aisle chair. (*Id*.)

23. The basis for Plaintiffs' claims against the City under Title 49 and Tile 29 is totally unclear. Nevertheless, the Complaint does not allege any facts whatsoever regarding any architectural or other barriers confronted by Plaintiff at CLE or any discrimination against Plaintiff at CLE such that liability could be imposed on the City. Plaintiffs do not allege any facts showing that CLE is unsafe, inaccessible, not "adaptive to handicapped usage," or specifically failed to accommodate Plaintiff's specific disability. (*Id*.) To the contrary, the Complaint expressly alleges that Plaintiff was being accommodated and assisted from the airport terminal to all the way to his seat on the aircraft. However, Plaintiff allegedly did not make it to his seat only because the aisle chair moved (*id*. at 4), and not because of any alleged airport issues.

24. Based on the alleged facts, there is "no reasonable basis for predicting that any law might impose liability on the City. The factual allegations in the Complaint cannot support a finding of liability against the City based on the "strict lability" or "negligence" causes of action alleged in the Complaint, or indeed based on any theory of recovery. The factual allegations in the Complaint do not plausibly demonstrate any right of recovery against the City. Plaintiffs simply offer conclusory allegations that the City is liable. Plaintiff's bald claims against the City are deficient as a matter of law and are not sufficient to state a colorable claim for relief. *See Murray Energy Holdings Co. v. Bloomberg, L.P.*, No. 2:15-CV-2845, 2016 WL 3355456, at *4 (S.D. Ohio June 17, 2016) (concluding that one of the plaintiffs was fraudulently joined after noting that the complaint did not contain specific factual allegations required to state a misappropriation claim and offered "mere legal conclusions as to 'Plaintiffs'' trade secret information").

25. Regarding the "consortium" claim alleged by Plaintiff's wife, under Ohio law, "a claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury." *BoM'en v. Kil-Kare, Inc.*, 63 Ohio St. 3d 84, 93, 585 N.E.2d 384 (1992). Because Plaintiff fails to state a claim against the City, as set forth above, the derivative loss of consortium claim must fail, too.

26. Because Plaintiffs have not, and cannot, state colorable claims for relief against Defendant City of Cleveland, the City was fraudulently joined and its citizenship must be ignored in the diversity analysis. *Coyne*, 183 F.3d at 493.

### 3. The Amount in Controversy Exceeds $75,000.

27. Plaintiff alleges that he is a paraplegic who allegedly has no use of his legs, uses a wheelchair, and thus is reliant on upper body strength in his shoulders and arms. (**Ex. A ¶ 2**; *see also* **Exhibit D**: Letter of representation ("You must understand the importance of his shoulder to a man who has no use of his legs.")) As a result of the alleged incident, Plaintiff allegedly an injury to his right shoulder, with continuing weakness and pain in that shoulder requiring treatment, and which may require surgery. (*Id.* at ¶¶ 4-5) Additionally, Plaintiff allegedly requires additional ongoing daily assistance with his life functions. These injuries and damages allegedly exceed $25,000 in damages. Thus, the amount on controversy is *at least* $25,000.01.

28. In light of the severity of the allegations, the preponderance of the evidence demonstrates there is a reasonable possibility that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

29. There is complete diversity of citizenship between Plaintiffs and the properly joined Defendants, and more likely than not the amount in controversy is in excess of $75,000, so this Court has original jurisdiction under 28 U.S.C. § 1332(a).

    **B.    In the Alternative, the Complaint Alleges That Federal Law Creates Plaintiff's Causes of Action, So There is Federal Question Jurisdiction Under 28 U.S.C. § 1331.**

30. "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Palkow v. CSX Transportation, Inc.*, 431 F.3d 543, 552 (6th Cir.2006), (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

31. Here, Plaintiff expressly alleges that federal law creates his causes of action. Specifically, Plaintiff alleges causes of action arising under Title 49 and Title 29. (**Ex. A ¶**6). As discussed above, Plaintiff fails to state claims against the City under Titles 49 and 29 as a matter of law, which demonstrates that the City was fraudulently joined. If the Court finds, however, that Plaintiff did not fail to state claims against the City under Titles 49 and 29, or that Plaintiff has stated colorable claims against Fronter or Huntleigh under Title 49 and/or Title 29, then such claims provide a basis for this Court's federal question jurisdiction under 28 U.S.C. § 1331.

    **C.    The Procedural Requirements for Removal Are Satisfied.**

32. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after Plaintiffs served Frontier with the Complaint by mail on November 17, 2022. 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."). Additionally, this Notice of Removal is filed less than one year after

the commencement of the State Court Action. 28 U.S.C. § 1446(c)(1).

33. Venue is proper because this is the District Court for the district and division embracing the place where the State Court Action was pending (Cuyahoga County, Ohio). 28 U.S.C. § 1441(a).

34. As explained above, Defendant Huntleigh has not been proper joined and served, and Defendant City of Cleveland was fraudulently joined in this action, so Frontier does not need the consent of the other Defendants. 28 U.S.C. 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly *joined and served* must join in or consent to the removal of the action.") (emphasis added); *Chambers*, 796 F.3d at 564 (finding that consent of fraudulently joined defendant is not needed for removal).

35. Pursuant to 28 U.S.C. § 1446(d), Frontier is providing Plaintiffs with written notice of the filing of this Notice of Removal and is filing a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Cuyahoga County, Ohio.

36. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action as of the date of removal are attached. (**Exhibit E**)

37. Frontier has paid all appropriate and applicable fees of this Court.

Therefore, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Frontier Airlines, Inc. hereby removes the above-captioned State Court Action from the Court of Common Pleas of Cuyahoga County, Ohio.

Respectfully submitted,

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/ Scott R. Torpey
    Scott R. Torpey (0081561)
    Timothy J. O'Connell (0097276)
*Attorneys for Defendant Frontier Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
(248) 351-3000
storpey@jaffelaw.com
toconnell@jaffelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing upon all ECF Participants.

By: /s/ Scott R. Torpey