# EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MICHAEL DOMANN<br>AND<br>MARY JO DOMANN<br>10824 Watercress Road<br>Strongsville, Ohio 44149<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER AIRLINES<br>C/O CORPORATION SERVICE CO.<br>3366 Riverside Drive, #103<br>Upper Arlington, Ohio 43221<br><br>AND<br><br>HUNTLEIGH USA CORP.<br>5300 Riverside Drive<br>Cleveland, Ohio 44135<br><br>AND<br><br>CITY OF CLEVELAND<br>Cleveland Hopkins Airport<br>C/O 601 Lakeside Avenue E.<br>Cleveland, Ohio 44114<br><br>Defendants | CASE NO.:<br><br><br><br><br><br>JUDGE<br><br><br><br>COMPLAINT |

## PARTIES

Plaintiffs Michael and Mary Jo Domann are Husband and Wife and each natural born U.S. Citizens and residents of Strongsville, Cuyahoga County, Ohio.

Defendant Frontier Airlines is major airline carrier as designated by the U.S. Department of Transportation whose main offices are headquartered in Denver, Colorado but keep offices and other minimum contacts in the State of Ohio where the airlines conduct significant business. Defendant Frontier Airlines is subject to Title 49 of the U.S. Code in the conduct of its business.

The City of Cleveland owns and operates Cleveland Hopkins Airport the 43rd busiest airport in the U.S and as such is subject to Title 49 of the U.S. Code in its duty to provide a safe airport which is adaptive to handicapped usage.

Defendant Huntleigh USA Corporation is officed in Cleveland, Ohio at the Hopkins Airport complex and provides wheelchair services in and about the Cleveland Hopkins Complex.

## FACTS

1. Michael Domann is a retired U.S. Treasury employee who lives with his wife Mary Jo in Strongsville, Ohio.  Mary Jo is employed by Cuyahoga County.  They also own a home in Daytona Beach, Florida;

2. Michael has been a paraplegic since age 17 as a result of an automobile accident.  He has had no use of his legs in the last 45 years but has been quite adaptive to the use of his wheelchair and a modified environment in his home and van with the use of his upper body strength in his shoulders and his arms;

3. Michael arrived at Cleveland Hopkins Airport on February 16, 2022 to fly to Orlando on Frontier Airlines Flight 1045.  As is the normal procedure in the facilitating paraplegic or any wheelchair limited fliers they must be transferred to "aisle chair" wheelchairs which fit airplane aisles before being transferred to their assigned seat for flight;

4. On this occasion employees of the airlines or their agents wheeled Mr. Domann from the gate to the entrance to the place and transferred him to this "aisle chair".  Only one employee was assigned to Mr. Domann to wheel him onto the plane.  In his experience he had always had two assigners to seating him and to the management of wheeling the "aisle chair" onto and inside the airplanes.  The chair in question gave on movement as the one employee assigned Mr Domann turned away and Mr. Domann was "dumped" from his seat landing on his right shoulder.  Since his fall from the "aisle chair", Plaintiff Michael Domann has suffered from weakness and pain his his right shoulder and may require surgery;

5. Mr. Domann has additionally, since his injury required additional assistance in going about his daily functions and has required additional pain medication as treatment for his shoulder.

**COUNT ONE**
**Strict Liability**

6. Under 49 USC and 29 USC citizens of the U.S. have a public right of transit through navigable U.S. airspace and both airlines and airports have a duty to protect individuals utilizing these airports and airlines and have a

-3-

special duty of care in making these facilities safe an**d** accessible to the handicapped.

7. When Michael Domann was in the care of the agents of the Defendants on the runway between the airplane door and the aisles the craft those agents in "respondent superior" where strictly and wholly responsible for Mr. Domann's care and the Defendants are strictly liable in Tort for the acts of those agents which are the proximate cause of injury, pain and suffering and a need to special cost and care.

## COUNT TWO
### Negligence and Reckless Disregard

8. Plaintiffs incorporate Paragraphs 1 - 7 as if fully rewritten herein.
9. Section 502 29 USC 792 requires that airports and airlines in their respective agents are required to make their facilities accessible for handicapped people. Defendants therefore had a duty of care toward ticket holder Plaintiff to care for his special needs in the boarding process.
10. Defendants breached that duty of care in allowing Plaintiff to fall from the "aisle chair" which was not properly managed or equipped.
11. Plaintiff alleges that the absence of a second employee to help him with the transfer to and the movement of the "aisle chair" constitutes a willful and wanton and reckless disregard for Plaintiff in a disgraceful violation of 29 USC 92..
12. This disregard for Plaintiffs and are the direct and proximate result of these injuries now and in the future.

## COUNT THREE
### Punitive Damages

13. Plaintiffs hereby incorporate Paragraphs 1 - 13 as if fully rewritten herein.

14. Plaintiffs allege that failure to properly staff the use of the "aisle chair" and properly maintain condition to said chair is egregious and was knowingly authorized by Defendants and that the understaffing of that boarding was knowingly authorized, participated in and ratified by Defendants and these omissions which caused Plaintiff injuries.

## COUNT FOUR
### Consortium

15. Plaintiffs hereby incorporate Paragraphs 1 14 as if fully rewritten herein.

16. Plaintiff Mary Jo Domann is the spouse and first caregiver of her husband and as a proximate cause of his injury due to the actions of Defendants Mary Jo Domann suffers from the additional loss of society of her spouse and is required to provide additional care to him now and will suffer such damage in the future.

**WHEREFORE**, Plaintiffs pray for judgment as the Court deems proper in an amount in excess of $25,000.00 along with such other and further relief as the Court deems warranted under the circumstances in law or in equity.

Respectfully submitted,

CASSIDY & ASSOCIATES
MICHAEL P. CASSIDY - #0001087
Attorney for Plaintiffs
11221 Pearl Road, Suite 5
Strongsville, Ohio 44136-3344
(440) 728-7000
(440) 846-9770 Facsimile
Email: cassidylawfirm@gmail.com

-5-

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL DOMANN<br>AND<br>MARY JO DOMANN<br>10824 Watercress Road<br>Strongsville, Ohio 44149<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>FRONTIER AIRLINES<br>C/O CORPORATION SERVICE CO.<br>3366 Riverside Drive, #103<br>Upper Arlington, Ohio 43221<br><br>　　　　AND<br><br>HUNTLEIGH USA CORP.<br>5300 Riverside Drive<br>Cleveland, Ohio 44135<br><br>　　　　AND<br><br>CITY OF CLEVELAND<br>Cleveland Hopkins Airport<br>C/O 601 Lakeside Avenue E.<br>Cleveland, Ohio 44114<br><br>　　　　Defendants | ))))))))))))))))))))))))))))) | CASE NO.:<br><br>JUDGE<br><br>INSTRUCTIONS FOR SERVICE |

TO THE CLERK:

　　　　Please serve the Complaint upon the following Defendants, <u>Frontier Airlines, c/o Corporation Service Company at 3366 Riverside Drive, #103, Upper Arlington, Ohio 43221;</u> <u>Huntleigh USA Corporation at 5300 Riverside Drive, Cleveland Ohio 44135; and, City of</u>

<u>Cleveland, at Cleveland Hopkins Airport, c/o. 601 Lakeside Avenue E., Cleveland, ohio 44114,</u>

by Certified Mail, Return Receipt Requested pursuant to Civil Rule 4 – 4.6.

        Respectfully submitted,

    <u>/s/ MICHAEL P. CASSIDY</u>
    CASSIDY & ASSOCIATES
    Attorneys for Plaintiffs Michael and Mary Jo Domann
    By:  MICHAEL P. CASSIDY - #0001087
    11221 Pearl Road, Suite 5
    Strongsville, Ohio 44136-3344
    440-728-7000
    440-846-9770 – Facsimile
    Email:  cassidylawfirm@gmail.com