IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL DOMANN
AND
MARY JO DOMANN
10824 Watercress Road
Strongsville, Ohio 44149

    Plaintiffs,

    vs.

FRONTIER AIRLINES
C/O CORPORATION SERVICE COMPANY
3366 Riverside Drive, #103
Upper Arlington, Ohio 43221

    AND

HUNTLEIGH USA CORP.
5300 Riverside Drive
Cleveland, Ohio 44135

    AND

CITY OF CLEVELAND
Cleveland Hopkins Airport
C/O 601 Lakeside Avenue E.
Cleveland, Ohio 44114

    Defendants.

Case No. 1:22-cv-2243

**DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER TO COMPLAINT AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., submits the following for its Answer to Plaintiff's Complaint as follows:

1

## PARTIES

Plaintiffs Michael and Mary Jo Domann are Husband and Wife and each natural born U.S. Citizens and residents of Strongsville, Cuyahoga County, Ohio.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

Defendant Frontier Airlines is major airline carrier as designated by the U.S. Department of Transportation whose main offices are headquartered in Denver, Colorado but keep offices and other minimum contacts in the State of Ohio where the airlines conduct significant business. Defendant Frontier Airlines is subject to Title 49 of the U.S. Code in the conduct of its business.

**ANSWER:** Admitted that Frontier is major airline carrier with its headquarters and principal place of business is in Denver, Colorado. Objection to the extent that the remaining allegations state conclusions of law not allegations of fact. Without waiving any objections and subject thereto, the remaining allegations are denied as stated.

The City of Cleveland owns and operates Cleveland Hopkins Airport the 43rd busiest airport in the U.S and as such is subject to Title 49 of the U.S. Code in its duty to provide a safe airport which is adaptive to handicapped usage.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

Defendant Huntleigh USA Corporation is officed in Cleveland, Ohio at the Hopkins Airport complex and provides wheelchair services in and about the Cleveland Hopkins Complex.

**ANSWER:** Admitted that Huntleigh USA Corporation ("Huntleigh") maintains offices at the Cleveland Hopkins International Airport ("CLE"); however, upon information and belief, Huntleigh is incorporated in Missouri and has its headquarter and principal place of business in Texas. Admitted that Huntleigh provided wheelchair services for Frontier at CLE during the

relevant period.

**FACTS**

1. Michael Domann is a retired U.S. Treasury employee who lives with his wife Mary Jo in Strongsville, Ohio. Mary Jo is employed by Cuyahoga County. They also own a home in Daytona Beach, Florida.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

2. Michael has been a paraplegic since age 17 as a result of an automobile accident. He has had no use of his legs in the last 45 years but has been quite adaptive to the use of his wheelchair and a modified environment in his home and van with the use of his upper body strength in his shoulders and his arms.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

3. Michael arrived at Cleveland Hopkins Airport on February 16, 2022 to fly to Orlando on Frontier Airlines Flight 1045. As is the normal procedure in the facilitating paraplegic or any wheelchair limited fliers they must be transferred to "aisle chair" wheelchairs which fit airplane aisles before being transferred to their assigned seat for flight.

**ANSWER:** Admitted that Plaintiff was at CLE on February 16, 2022 for Frontier Flight 1045 to Orlando. Admitted that being transferred to an aisle chair is part of the general procedure for boarding passengers with paraplegia, if requested. Denied that being transferred to an aisle chair is the general procedure for boarding "any wheelchair limited" passenger.

4. On this occasion employees of the airlines or their agents wheeled Mr. Domann from the gate to the entrance to the place [sic] and transferred him to this "aisle chair". Only one

3

employee was assigned to Mr. Domann to wheel him onto the plane. In his experience he had always had two assignors to seating him and to the management of wheeling the "aisle chair" onto and inside the airplanes. The chair in question gave on movement as the one employee assigned Mr. Domann turned away and Mr. Domann was "dumped" from his seat landing on his right shoulder. Since his fall from the "aisle chair", Plaintiff Michael Domann has suffered from weakness and pain his right shoulder and may require surgery.

**ANSWER:** Denied that any Frontier employee(s) assisted Plaintiff from the gate to the aircraft's passenger boarding door or transferred him to an aisle chair. Instead, upon information and belief, Plaintiff's wheelchair services were provided by Huntleigh. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding how many employees were assigned to assist Plaintiff on the alleged date, or the allegations regarding how many employees had been assigned to assist Plaintiff on any prior flights, and on that basis denies them. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the employee "turned away," that the aisle chair "gave on movement," or that Plaintiff was "dumped" from the aisle chair onto his right shoulder, and on that basis denies them. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies them.

5. Mr. Domann has additionally, since his injury required additional assistance in going about his daily functions and has required additional pain medication as treatment for his shoulder.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

## COUNT ONE
## Strict Liability

6. Under 49 USC and 29 USC citizens of the U.S. have a public right of transit through navigable U.S. airspace and both airlines and airports have a duty to protect individuals utilizing these airports and airlines and have a special duty of care in making these facilities safe and accessible to the handicapped.

**ANSWER:** Answering for Frontier, only (*see* Fed. R. Civ. P. 8(b)(1)), Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached, and accordingly, denied.

7. When Michael Domann was in the care of the agents of the Defendants on the runway between the airplane door and the aisles the craft those agents in "respondent superior" where strictly and wholly responsible for Mr. Domann's care and the Defendants are strictly liable in Tort for the acts of those agents which are the proximate cause of injury, pain and suffering and a need to special cost and care.

**ANSWER:** Answering for Frontier, only (*see* Fed. R. Civ. P. 8(b)(1)), denied.

## COUNT TWO
## Negligence and Reckless Disregard

8. Plaintiffs incorporate Paragraphs 1 - 7 as if fully rewritten herein.

**ANSWER:** Frontier incorporates its answers to all preceding paragraphs, including Paragraphs 1-7, as if fully rewritten herein.

9. Section 502 29 USC 792 requires that airports and airlines in their respective agents are required to make their facilities accessible for handicapped people. Defendants therefore had a duty of care toward ticket holder Plaintiff to care for his special needs in the boarding process.

5

**ANSWER:** Answering for Frontier, only (*see* Fed. R. Civ. P. 8(b)(1)), Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached, and accordingly, denied.

10. Defendants breached that duty of care in allowing Plaintiff to fall from the "aisle chair" which was not properly managed or equipped.

**ANSWER:** Answering for Frontier, only (*see* Fed. R. Civ. P. 8(b)(1)), denied.

11. Plaintiff alleges that the absence of a second employee to help him with the transfer to and the movement of the "aisle chair" constitutes a willful and wanton and reckless disregard for Plaintiff in a disgraceful violation of 29 USC 92.

**ANSWER:** Answering for Frontier, only (*see* Fed. R. Civ. P. 8(b)(1)), Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached, and accordingly, denied.

12. This disregard for Plaintiffs and are the direct and proximate result of these injuries now and in the future.

**ANSWER:** Answering for Frontier, only (*see* Fed. R. Civ. P. 8(b)(1)), denied.

**COUNT THREE**
**Punitive Damages**

13. Plaintiffs hereby incorporate Paragraphs 1 - 13 [sic] as if fully rewritten herein.

**ANSWER:** Frontier incorporates its answers to all preceding paragraphs, including Paragraphs 1-12, as if fully rewritten herein.

14. Plaintiffs allege that failure to properly staff the use of the "aisle chair" and properly maintain condition to said chair is egregious and was knowingly authorized by Defendants and that the understaffing of that boarding was knowingly authorized, participated in and ratified by Defendants and these omissions which caused Plaintiff injuries.

**ANSWER:** Answering for Frontier, only (*see* Fed. R. Civ. P. 8(b)(1)), denied.

## COUNT FOUR
### Consortium

15. Plaintiffs hereby incorporate Paragraphs 1 - 14 as if fully rewritten herein.

**ANSWER:** Frontier incorporates its answers to all preceding paragraphs, including Paragraphs 1-14, as if fully rewritten herein.

16. Plaintiff Mary Jo Domann is the spouse and first caregiver of her husband and as a proximate cause of his injury due to the actions of Defendants Mary Jo Domann suffers from the additional loss of society of her spouse and is required to provide additional care to him now and will suffer such damage in the future.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff Mary Jo Domann is the spouse and first caregiver of Plaintiff Michael Domann, and on that basis denies them. Answering for Frontier, only (*see* Fed. R. Civ. P. 8(b)(1)), the remaining allegations are denied.

### AFFIRMATIVE DEFENSES AND AVOIDANCES

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., states the following as its affirmative defenses and/or avoidances in this matter, which may be amended or withdrawn as additional facts become known:

1. No duty: Plaintiffs' claims are barred in whole or in part since Frontier did not owe the alleged duties to Plaintiffs.

2. No breach of duty:  Plaintiffs' claims are barred in whole or in part since Frontier did not breach any duty owed to Plaintiffs.

3. Lack of causation:  There is no causal relationship between the injuries allegedly suffered by the Plaintiff and Frontier's alleged acts and omissions.

4. No vicarious liability: Frontier cannot be held vicariously liable for the alleged negligence, acts, and/or omissions of any independent contractor.

5. Indemnity: Frontier is entitled to indemnification from other parties, third-parties and/or non-parties.

6. Choice of law:  Plaintiffs' claims are governed by and barred in whole or in part by laws other than the laws of the State of Ohio.

7. Federal preemption:  Plaintiffs' claims are preempted in whole or in part by federal law, including but not limited to: the Federal Aviation Regulations, 14 C.F.R. 1.1, *et seq.*; the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 *et seq.*, now recodified and incorporated into 49 U.S.C. § 40101, *et seq.*); the Air Carrier Access Act, 49 U.S.C. § 41705 and 14 C.F.R. Part 382; and/or the Airline Deregulation Act of 1978, 49 U.S.C. § 41713.

8. No private right of action: Plaintiffs have no private right of action under the Air Carrier Access Act, 49 U.S.C. § 41705 and 14 C.F.R. Part 382.

9. Failure to state a claim:  Plaintiffs' Complaint fails to state a claim or claims upon which relief can be granted, including but not limited to Plaintiffs' failure to properly or adequately set forth the federal standard(s) of care as a requisite element of their claims, and Plaintiffs have not otherwise set forth the federal standard(s) of care alleged to have been breached.

10. Statute of limitations/period of limitations/notice: To the extent claims were brought after the expiration of the applicable statute of limitations, period of limitations, contractual limitations period, and/or notice period, Plaintiffs' claims are barred.

11. Comparative negligence: Plaintiff's claims are barred in whole or at least in part by his own negligent acts.

12. Third-party fault and/or negligence: Plaintiffs' claims are barred in whole or at least in part by third-party fault and/or negligence.

13. Non-party fault and/or negligence: Plaintiff's claims are barred in whole or at least in part and/or liability must be apportioned by the fault and/or negligence of non-parties to be timely identified.

14. Intervening or superseding cause: The damages the Plaintiff claims to have suffered were caused by event(s) that occurred after the accident described in the Complaint.

15. Assumption of risk: Plaintiffs' claims are barred in whole or at least in part to the extent Plaintiff assumed any risk.

16. Unrelated, pre-existing, subsequent conditions: Plaintiff's damages were the result of unrelated, pre-existing, and/or or subsequent conditions unrelated to Frontier's alleged acts and omissions.

17. No actual injuries: Plaintiff suffered no actual injuries related to Frontier's alleged acts and omissions.

18. No actual damages: Plaintiffs suffered no actual damages related to Frontier's alleged acts and omissions.

19. Speculative damages: Plaintiffs cannot recover for her alleged damages that are speculative in nature.

9

20. Failure to mitigate damages: Plaintiffs failed to mitigate their damages or take reasonable steps to minimize or prevent the damages Plaintiffs claims to have suffered.

21. Set-Off: Frontier asserts that if it is liable to Plaintiffs, which liability Frontier expressly denies, then Frontier is entitled to a set-off for all settlements/benefits received by Plaintiffs.

22. Reservation: Affirmative defenses are legal defenses, which if not stated in response to the Complaint, may be waived. Accordingly, as indicated above, Frontier may modify, withdraw, and/or add affirmative defenses as information becomes available during investigation and discovery conducted hereafter.

WHEREFORE, Defendant Frontier Airlines, Inc. respectfully requests that this Court dismiss Plaintiffs' claims with prejudice, with costs, including but not limited to reasonable attorney fees to Frontier as well as any other legal and equitable relief to which Frontier may be entitled.

## **JURY DEMAND**

Defendant Frontier Airlines, Inc., by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., hereby demands a trial by jury as applicable to all claims and defenses in this case, with the exception of issues of law that are appropriate for the Court to decide.

          Respectfully submitted:

          JAFFE RAITT HEUER & WEISS, P.C.

          By:    /s/ Scott R. Torpey
          Scott R. Torpey (0081561)
          Timothy J. O'Connell (0097276)
          *Attorneys for Frontier Airlines, Inc.*
          27777 Franklin Road, Suite 2500
          Southfield, MI  48034
          (248) 351-3000
          (248) 351-3082 (Fax)
          storpey@jaffelaw.com
          toconnell@jaffelaw.com

Dated:  December 13, 2022

**CERTIFICATE OF SERVICE**

    I, Katherine M. Abrignani, state that I am an employee of Jaffe, Raitt, Heuer & Weiss, P.C., and that on December 13, 2022, I served the foregoing papers and this *Certificate of Service* via the Court's electronic filing system.

                                                   /s/Scott R. Torpey
                                                   Scott R. Torpey (0081561)