IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DOMANN, *et al.*, | : | Case Number 1:22-cv-02243 |
| Plaintiffs, | : | Judge Bridget Meehan Brennan |
| vs. | : | |
| | : | **PLAINTIFFS' MOTION FOR** |
| FRONTIER AIRLINES, INC., *et al.*, | : | **REMAND FOR LACK OF** |
| | : | **DIVERSITY JURISDICTION** |
| Defendants. | : | |

 Plaintiffs Michael Domann and Mary Jo Domann hereby move this Court pursuant to 28 U.S.C. §1447(c) for remand to the Cuyahoga County Court of Common Pleas as this court lacks diversity jurisdiction and thus subject-matter jurisdiction.

 Removal statutes are to be strictly construed, and "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.,* 183 F. 3d 488, 492 (6th Cir, 1999). The burden of proving jurisdiction falls on the defendants who seek removal. *Id.* at 492-93 citing *Her Majesty the Queen v. Detroit,* 874 F. 3d 332, 339 (6th Cir. 1989).

 Defendant Frontier Airlines, Inc. premised diversity and thus jurisdiction in federal court upon the argument that Defendant City of Cleveland was fraudulently joined in this action for the purpose of defeating complete diversity.

 Frontier Airlines argues that Plaintiffs' Complaint is vague and general about Defendant City of Cleveland's liability, and this alleged deficiency warrants their relief sought. As this Court knows well, "Ohio is a notice-pleading state. * * * This means that outside of a few specific

1

circumstances, such as claims involving fraud or mistake, see Civ. R. 9(B), a party will not be expected to plead a claim with particularity. Rather, 'a short and plain statement of the claim' will typically do. Civ. R. 8(A)." *Maternal Grandmother ADMR v. Hamilton Cty. Dep't. of Job & Family Servs.,* 167 Ohio St. 3d 390, 392, 2021-Ohio 4096, 193 N.E. 3d 536, citing *Wells Fargo Bank, N.A. v. Horn,* 142 Ohio St. 3d 416, 2015-Ohio-1484, 31 N.E. 3d 637, ¶13.

Plaintiffs' pleading comports with Ohio procedural law.

The City of Cleveland is properly joined as the landlord and owner of the premises where the torts occurred. The law of premises liability encompasses the City of Cleveland, regardless of the fact that the activities at issue involve owning and operating an airport. Several cases establish this principle.

In *Hammond v. City of Cleveland,* 2012-Ohio-494 (8th Dist.), an action involving a premises liability claim which arose from activities at Cleveland Hopkins International Airport, our Eighth District Appeals Court of Ohio found as follows:

> Hammond advanced premises liability and negligent design or construction claims against several defendants after suffering an injury caused by tripping over a rail at the Cleveland Hopkins International Airport ("airport"), on her way to concourse D, an addition built in 1997. The airport is owned by the city of Cleveland and leased to the airlines.
>
> * * * *
>
> Hammond filed a complaint alleging that Higley, Tomco, AMEC, and Forest City were negligent in designing or constructing the stringer that caused her fall. She additionally advanced a premises liability claim against Cleveland as the owner of the airport.
>
> * * * *
>
> Hammond advanced a premises liability claim against Cleveland based on Cleveland's acquiescence to the existence of the stringer that extended beyond the handrail, the purported hazard. . .
>
> Initially, we note the parties disagreed as to the standard of care Cleveland, as landlord, owed Hammond. Cleveland contended that the traditional common law classifications of invitee, licensee, and trespasser apply. *Gladon v. Greater*

2

*Cleveland R.T.A.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287. Cleveland argued that Hammond was a licensee because of the fact she was an employee on the premises and therefore Cleveland only owed a duty to avoid wanton or willful misconduct.  Hammond argued that Cleveland, as a landlord in possession, owed her a duty of ordinary care because she was a business invitee.

Typically, "[i]n Ohio, the commercial lessor's liability is governed by traditional common law principles.  Under the common law, one having neither possession nor control of premises is ordinarily not liable for damages resulting from the condition of the premises."  *Hendrix v. Eighth & Walnut Corp.*, 1 Ohio St.3d 205, 207, 438 N.E.2d 1149 (1982).  Cleveland does not dispute that it was a landlord in possession of the area where Hammond fell.

> Where a lessor has not substantially relinquished to his lessee all occupation of and control over a portion of the leased premises and where such lessor has actually exercised his right of occupation of and control over such portion, such lessor is under the duty to exercise ordinary care with respect the condition of such portion and that duty extends to invitees of the lessee. *Brown v. Cleveland Baseball Co.*, 158 Ohio St. 1, 106 N.E.2d 632 (1952).

Thus, a landlord's duty in such circumstances is governed by negligence in general.

*Davies v. Kelley*, 112 Ohio St. 122, 146 N.E. 888 (1925), paragraph one of the syllabus.

*Hammond v. City of Cleveland* turned upon the evidence advanced in pre-trial proceedings and summary judgment,  Not a broad and general argument that the landlord, a municipality which owns and operates an airport, has no duty to an invitee passenger as a matter of law.  That is simply not an accurate statement of Ohio law.

Similarly, in another tort action by a business invitee injured on the premises of an airport, the Tenth District Appeals Court in *Bowen v. Columbus Airport L.P.* reasoned as follows applicable to our case:

> In premises-liability cases, the legal status of the person who enters upon the land of another determines the scope of the duty owed to him by the landowner. *See Kleisch v. Cleveland State Univ.*, Franklin App. No. 05AP-289, 2006-Ohio-1300, at ¶11. In this case, there is no dispute that appellant was a business invitee of appellees. "[B]usiness invitees are those persons who come upon the premises of

3

another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Baldauf v. Kent State Univ*. (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc*. (1985), 18 Ohio St.3d 203. The duty of care owed by a business owner includes providing a reasonably safe ingress and egress for business invitees. *Albright v. Univ. of Toledo* (Sept. 18, 2001), Franklin App. No. 01AP-130, citing *Tyrrell v. Investment Assoc., Inc*. (1984), 16 Ohio App.3d 47, 16 Ohio B. 50, 474 N.E. 2d 621.

## CONCLUSION

What these cases tell us is that the basis for liability in the City of Cleveland is that it is the landlord in control of premises used by its tenants, one of whom is Defendant Frontier Airlines. Defendant Huntleigh USA Corp.'s status in the instant tort action needs to be developed in discovery. It is an agent of Frontier Airlines or the City of Cleveland or both, or a sub-contractor or one or both.

These are factual issues for discovery. They are appropriately applied as conclusory and established as a matter of law in an argument seeking to defeat diversity jurisdiction. What is clear is that the City of Cleveland is not automatically absolved of liability because it is the landlord. Rather, the opposite is a correct statement and application of Ohio law. The principles of premises liability apply and they may or may not result in the City of Cleveland's dismissal from this action. That will be determined as an issue of fact. The City of Cleveland was not fraudulently joined. Ohio law provides for their joinder and Defendant Frontier's statutory removal based on lack of diversity from the omission of the City of Cleveland is not warranted and is a misapplication of Ohio law.

This action should be remanded to the Cuyahoga County Court of Common Pleas.

Respectfully submitted,

/s/ Edgar H. Boles
EDGAR H. BOLES (0003885)
MICHAEL P. CASSIDY (0001087)
Of Counsel
Dinn, Hochman & Potter, LLC
6105 Parkland Boulevard, Suite 100
Cleveland, Ohio  44124
(440) 446-1100 – Phone
(440) 446-1240 – Fax
eboles@dhplaw.com
mcassidy@dhplaw.com

*Counsel for Plaintiffs Michael Domann and Mary Jo Domann*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November 2023 *Plaintiffs' Motion for Remand for Lack of Diversity* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Edgar H. Boles
EDGAR H. BOLES (0003885)

*Counsel for Plaintiffs Michael Domann and Mary Jo Domann*