UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DOMANN, *et al.*, | ) | CASE NO. 1:22-cv-02243 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| | ) | |
| FRONTIER AIRLINES, INC., *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Defendant Frontier Airlines, Inc. ("Frontier") removed this matter to this Court on December 13, 2022. (Doc. No. 1.) On October 30, 2023, this Court ordered Defendants to show cause why this matter should not be remanded for lack of jurisdiction. (October 30, 2023 Order.) On November 16, 2023, Plaintiffs filed a Motion to Remand to State Court for Lack of Diversity Jurisdiction. (Doc. No. 12). Defendants responded to the Court's order to show cause on November 29, 2023 (Doc. No. 13) and Plaintiffs' Motion to Remand on December 11, 2023 (Doc. No. 14).

For the reasons stated below, Plaintiffs' Motion to Remand is DENIED.

**I.**      **Background**

On November 10, 2022, Plaintiffs Michael Domann and Mary Jo Domann filed this suit against Frontier, Huntleigh USA Corp. ("Huntleigh") and the City of Cleveland (the "City") in the Cuyahoga County Court of Common Pleas. (*See* Doc. No. 1-2). Plaintiffs alleged that Michael Domann arrived at Cleveland Hopkins Airport on February 16, 2022 to take a flight on

1

Frontier Airlines to Orlando, Florida. (*Id.* at 17, ¶ 3.)[1] Mr. Domann, who has had paraplegia since a car accident at age 17, required the use of an "aisle chair" to board his flight. (*Id.*) Plaintiffs alleged that on this occasion, Mr. Domann was "dumped" from his aisle chair, landing on his right shoulder. (*Id.* at ¶ 4.) As a result, Mr. Domann alleged he suffers from "weakness and pain in his right shoulder," which "may require surgery." (*Id.*) Plaintiffs' complaint included four causes of action: strict liability; negligence and reckless disregard; punitive damages; and consortium. (*Id.* at 17-19, ¶¶ 6-16.) Plaintiffs requested judgment "in excess of $25,000 along with such other and further relief as the Court deems warranted." (*Id.* at 19.)

Frontier removed this matter on December 13, 2022. (*See* Doc. No. 1.) Neither the City[2] nor Huntleigh[3] joined in this removal. (*See id.* at 3, ¶¶ 7, 9.) Frontier Airlines makes two arguments in support of removal: this court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a); and this Court has federal question jurisdiction under 28 U.S.C. § 1331. (*See id.* at 4-9.) As part of the argument in favor of diversity jurisdiction, Frontier argued that the City was fraudulently joined, and therefore "its citizenship[] should not be considered for

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document number and PageID# rather than any internal pagination.

[2] Frontier argues that because "the City was fraudulently joined in this action for the purpose of defeating complete diversity," "the City's consent in this removal is not required." (Doc. No. 1 at 3, ¶ 9 (citing *Chambers v. HSBC Bank, USA*, 796 F.3d 560, 564 (6th Cir. 2015)).) On January 4, 2023, the City filed a notice of consent of removal. (Doc. No. 8.)

[3] The notice of removal explains that at the time that Frontier removed this action, Huntleigh had not yet been served. (Doc. No. 1 at 3, ¶ 7.) Under 28 U.S.C. § 1446(b)(2)(A), for removal under § 1441(a), only the defendants "who have been properly joined and served must join in or consent to the removal of the action." Accordingly, Huntleigh's consent was not necessary for this notice of removal. To date, Huntleigh has not appeared in this action.

purposes of the diversity analysis." (*Id.* at 5, ¶ 16 (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).)

On October 30, 2023, this Court entered an order stating that "it is not clear that this Court has subject matter jurisdiction over the instant action. Specifically, it is not clear that Defendant City of Cleveland was fraudulently joined." (October 30, 2023 Order). The Court ordered Defendants to show cause why this matter should not be remanded for lack of jurisdiction by November 29, 2023. (*See id.*) This order also set deadlines for a response brief by Plaintiff and a reply brief by Defendants. (*See id.*)

On November 16, 2023, Plaintiffs filed a Motion to Remand to State Court for Lack of Diversity Jurisdiction. (Doc. No. 12.) In this motion, Plaintiffs argued that the City had not been fraudulently joined, and as the landlord and owner of the airport, the City could face liability. (*Id.* at 95.) Plaintiffs' motion does not address whether this Court has federal question jurisdiction over this case.

On November 29, 2023, Frontier and the City filed a response to the Court's show cause order. (Doc. No. 13.) In this response, Defendants reiterated that the City was fraudulently joined. (*See id.* at 113-21.) First, Defendants argued that the City had no duty to provide wheelchair service to Mr. Domann. (*Id.* at 114.) Second, they argued that Plaintiffs' complaint does not and cannot state a claim against the City for the accessibility of the airport premises. (*Id.* at 115-21.) Finally, Frontier and the City argued that even if the City was not fraudulently joined, the Court has federal question jurisdiction. (*Id.* at 121-22.) On December 11, 2023, Defendants filed a response to Plaintiffs' motion to remand that incorporated by reference their previous response to the Court's show cause order.

3

**II.     Analysis**

Federal courts are courts of limited jurisdiction.  *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003).  As such, federal district courts do not have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, federal district courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.  *Id.*  In general, the Constitution and Congress have given federal courts authority to hear a case in two instances: when diversity of citizenship exists, or the case raises a federal question.  *Caterpillar Inv. v. Williams*, 482 U.S. 386, 392 (1987).

**A. Federal Question Jurisdiction**

A case arises under federal law when "a well-pleaded complaint establishes either that a federal law creates a cause of action or that plaintiff's right to relief necessarily depends on resolution of federal law."  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689, 90 (2006.)

When a complaint filed in state court includes both federal and state causes of action, remand can only occur when the state cause of action is predominant.  *Martin v. Resurgent Cap. Servs.*, 595 F.Supp.3d 615, 617 (N.D. Ohio 2022).  To be predominant, the state cause of action "must be: '(1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates.'"  *Id.* (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 439 (5th Cir. 2002)).

Plaintiffs' complaint establishes that their right to relief necessarily depends on resolution of federal law.  Specifically, Plaintiffs' claims for strict liability and negligence and reckless disregard are brought under federal law.  (*See* Doc. No. 1-2 at 17-18, at ¶ 6 (citing Title 49 and

4

Title 29), ¶ 9 (citing Title 29).) Though Plaintiffs' claims for punitive damages and consortium are state law claims (*see id.* at 19, ¶¶ 13-16), the Court notes that all four of Plaintiffs' claims are part of the same claim regarding the injury Mr. Domann sustained on February 16, 2022 at the Cleveland airport. Therefore, the state law claims in Plaintiffs' complaint do not meet the requirements for predominating this case.

Accordingly, the Court finds that it has federal question jurisdiction over this case.

### B. Diversity Jurisdiction

Because the Court has determined that it has federal question jurisdiction over this case, the Court need not decide whether it also has diversity jurisdiction. *See Edmonds v. Norfolk Southern Railway Co.*, No. 1:20-cv-343, 2021 WL 6329171, at *3 (E.D. Tenn. Feb. 18, 2021); *see also Steely v. PolyOne Corp.*, No. 6:19-237-KKC, 2020 WL 13540299, at *1 (E.D. Ky. Mar. 30, 2020) (collecting cases). For the same reasons, the Court will not determine at this stage whether the City was fraudulently joined.

### III. Conclusion

For the reasons stated herein, Plaintiffs' motion to remand is DENIED. (Doc. No. 12.)

**IT IS SO ORDERED.**

**Date**: February 15, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE