UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DOMANN, *et al.*, | CASE NO. 22-cv-02243-BMB |
| Plaintiffs, | JUDGE BRIDGET M. BRENNAN |
| v. | |
| FRONTIER AIRLINES, INC., *et al.*, | **REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) AND L.R. 16.3(b)(3)** |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3(b)(3), a meeting was held on March 13, 2024, and was attended by:

Michael Cassidy (0001087) and Edgar Boles (0003885) counsel for plaintiff(s) Michael Domann and Mary Jo Domann

Timothy J. O'Connell (0097376) counsel for defendant(s) Frontier Airlines, Inc. ("Frontier") and City of Cleveland ("the City")

_____ counsel for defendant(s) Huntleigh USA Corp.

1. The parties:

   __X__ will exchange the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) no later than five (5) business days before the Case Management Conference per the Court's Notice of Case Management Conference and Order.

   – *or* –

   _____ have not been required to make initial disclosures pursuant to Rule 26(a)(1)(B) because this matter falls into the excepted category of _____.

1

2. The parties recommend the following case designation:

    Expedited \_\_\_\_\_

    Standard \_\_\_\_\_

    Complex __X__

    Administrative \_\_\_\_\_

    Mass Tort \_\_\_\_\_

Pursuant to Local Rule 16.2(b), if the recommended track designation is expedited, standard, or complex, the factors supporting such recommendation are:

Pursuant to Local Rule 16.2(b), cases on the Standard Track should be completed within fifteen (15) months or less after filing, and cases on the Complex Track should have a case completion goal of no more than twenty-four (24) months. The present case was filed about 15 months ago on December 13, 2022. (Doc #: 1) Thus, although the factors under Local Rule 16.2(b) support an assignment to a standard track, an assignment to a complex track is necessary to allow adequate time for discovery through March 2025.

Further, service on Defendant Huntleigh USA Corp. ("Huntleigh") at its Ohio offices was not perfected. Plaintiffs will file a Praecipe with the Clerk of Courts requesting service on Defendant Huntleigh at its Irving, Texas headquarters and through its corporate statutory agent.

3. The parties have discussed whether this case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms and inform the Court of their position as to the following options:

    Early Neutral Evaluation \_\_\_\_\_

    Mediation \_\_\_\_\_

    Arbitration \_\_\_\_\_

  Summary Jury Trial \_\_\_\_\_

  Summary Bench Trial \_\_\_\_\_

  Case not suitable for ADR \_\_\_\_\_

  Case not suitable for ADR now, but may be after discovery __X__

4. The parties **do not** consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

5. With respect to electronically stored information, the parties:

  __X__  agree to follow the default standard for discovery of electronically stored information (Appendix K to Northern District of Ohio Local Rules).

 – *or* –

  \_\_\_\_\_  will finalize an alternative agreement that sets out retention guidelines, search methodology, the format for production, and procedures for addressing attorney-work product or privileged information by \_\_\_\_\_.

6. The parties have discussed whether the Court should enter a protective order to facilitate discovery and state as follows:

  __X__  agreed to the form protective order set forth in Appendix L to the Local Rules and will submit the proposed order to the Court no later than <u>March 27, 2024</u>.

 – *or* –

  \_\_\_\_\_  will submit an alternative proposed protective order for the Court's consideration. Said proposed protective order will be submitted to the Court no later than \_\_\_\_\_ with an addendum setting forth the

differences between the parties' proposed protective order and Appendix L to the Local Rules.

*– or –*

_____ disagree as to the necessity of a protective order.

*– or –*

_____ agree that a protective order is not necessary at this time.

7. Recommended Discovery Plan:

    a. Describe the subjects on which discovery is to be sought and the nature and extent of discovery:

    Plaintiffs will issue written discovery requests in the form of interrogatories and request for production of documents to Defendants following the Rule 26 conference. Plaintiffs will participate in joint HIPPA records subpoenas and FOIA requests to third parties. Plaintiffs will depose Frontier, City and Huntleigh employees or agents regarding the incident. Plaintiffs will engage medical consultants and life care planners to assess future medical risk and damages and consortium costs related to the injury.

    Frontier and the City will issue comprehensive written discovery requests to Plaintiffs immediately following the Rule 16 conference. Frontier and the City will issue records subpoenas and Freedom of Information ("FOIA") requests to third-parties, including but not limited to first responders and Plaintiff's treating physicians. Frontier and the City will depose Plaintiffs. Frontier and the City will depose the physicians who treated all of Plaintiff's alleged injuries. Frontier and the City may produce employees or agents for depositions to testify about the alleged incident. Frontier and the City anticipate potentially taking the deposition of certain passengers on Plaintiffs' flight, who may have witnessed the alleged incident in whole or in part, and who likely are located

4

in various geographic locations nationwide. Frontier and the City anticipate retaining medical consultants, who may be disclosed as experts to opine about the nature and extent of Plaintiff's alleged injuries, treatments, and any residuals. Such medical consultants may perform physical examinations of Plaintiff.

    b. State any discovery disputes or challenges anticipated by either party:

    None currently known or anticipated.

8. Recommended discovery cut-off date: March 20, 2025.

9. Recommended cut-off date for amending the pleadings/and or adding additional parties: May 20, 2024.

10. Expert Discovery. Expert Discovery **does not** need to be concluded prior to the submission of dispositive motions.

    Expert report(s) for party with the burden of proof: November 21, 2024

    Responsive expert report(s) due: January 20, 2025

    Expert discovery deadline: March 20, 2025

11. Recommended dispositive motion deadline: May 20, 2025

12. Recommended date for status conference: March 20, 2025

13. Other matters for the attention of the Court:

    None currently known.

    Attorney for Plaintiffs Michael Domann and Mary Jo Domann

    /s/ Michael P. Cassidy (0001087)

    Attorney for Defendants Frontier Airlines, Inc. and City of Cleveland

5

<u>/s/ Timothy J. O'Connell (0097376)</u>

Attorney for Defendant Huntleigh USA Corp.

/s/ Timothy J. O'Connell (0097376)