

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE OF REMOVAL**
**December 13, 2022 11:59**

By: SCOTT R. TORPEY 0081561

Confirmation Nbr. 2724901

MICHAEL DOMANN, ET AL

vs.

FRONTIER AIRLINES, ET AL

CV 22 971208

**Judge:**  KELLY ANN GALLAGHER

**Pages Filed:**  60

## IN THE CUYAHOGA COUNTY COURT OF COMMON PLEAS

## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL DOMANN | ) | |
| AND | ) | |
| MARY JO DOMANN | ) | Case No.  CV-22-971208 |
| 10824 Watercress Road | ) | |
| Strongsville, Ohio 44149 | ) | Judge Kelly A. Gallagher |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT FRONTIER AIRLINES,** |
| | ) | **INC.'S NOTICE OF REMOVAL** |
| FRONTIER AIRLINES | ) | |
| C/O CORPORATION SERVICE COMPANY | ) | |
| 3366 Riverside Drive, #103 | ) | |
| Upper Arlington, Ohio 43221 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| HUNTLEIGH USA CORP. | ) | |
| 5300 Riverside Drive | ) | |
| Cleveland, Ohio 44135 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| CITY OF CLEVELAND | ) | |
| Cleveland Hopkins Airport | ) | |
| C/O 601 Lakeside Avenue E. | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL

**TO:  THE CLERK OF COURT FOR THE CUYAHOGA COUNTY COURT OF COMMON PLEAS:**

PLEASE TAKE NOTICE that on December 13, 2022, Defendant Frontier Airlines, Inc.

("Frontier") removed the above-captioned action to the United States District Court for the

Northern District of Ohio, Eastern Division, a copy of which is attached as Exhibit 1.

Pursuant to Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and all other applicable laws, this Court shall take no further action with regard to the above-captioned action unless and until the case is remanded.

Respectfully submitted,

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/ Scott R. Torpey
       Scott R. Torpey (0081561)
       Timothy J. O'Connell (0097276)
*Attorneys for Defendant Frontier Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
(248) 351-3000
storpey@jaffelaw.com
toconnell@jaffelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing upon all ECF Participants.

By:    /s/ Scott R. Torpey

# EXHIBIT 1

Electronically Filed 12/13/2022 11:59 / NOTICE / CV 22 971208 / Confirmation Nbr. 2724901 / CLDLJ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MICHAEL DOMANN
AND
MARY JO DOMANN
10824 Watercress Road
Strongsville, Ohio 44149

      Plaintiffs,

      vs.

FRONTIER AIRLINES
C/O CORPORATION SERVICE
COMPANY
3366 Riverside Drive, #103
Upper Arlington, Ohio 43221

      AND

HUNTLEIGH USA CORP.
5300 Riverside Drive
Cleveland, Ohio 44135

      AND

CITY OF CLEVELAND
Cleveland Hopkins Airport
C/O 601 Lakeside Avenue E.
Cleveland, Ohio 44114

      Defendants.

Case No.  1:22-cv-2243 _____

Judge _____

## DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and all other applicable laws, and without waiving any rights, privileges, or defenses, Defendant Frontier Airlines, Inc. ("Frontier") gives notice of removal of the above-captioned action from the Court of Common Pleas of Cuyahoga County, Ohio (the "State Court Action") to the United States District Court for the Northern District of Ohio, Eastern Division. As grounds for removal, Frontier states as follows:

## I.  STATEMENT OF FACTS

1.      On November 10, 2022, Plaintiffs Michael Domann and Mary Jo Domann (collectively, the "Plaintiffs") initiated the State Court Action by filing a Complaint in the Court of Common Pleas of Cuyahoga County, Ohio, against Defendants Frontier, Huntleigh USA Corporation ("Huntleigh"), and the City of Cleveland ("the City") (**Exhibit A**: Complaint)

2.      The Complaint alleges that Plaintiff Michael Domann ("Plaintiff") is a paraplegic who allegedly has no use of his legs, uses a wheelchair, and thus is reliant on upper body strength in his shoulders and arms. (*Id.* at ¶ 2)

3.      On February 16, 2022, Plaintiff was a passenger on a Frontier flight from Cleveland Hopkins International Airport ("CLE") to Orlando, Florida. (*Id.* at ¶ 3) Huntleigh allegedly "provides wheelchair services in and about" CLE. (*Id.* at pg. 2) In fact, Huntleigh provides wheelchair services for Frontier passengers at CLE pursuant to a Standard Ground Handling Agreement between Huntleigh and Frontier. (*See* **Exhibit B** Declaration of Timothy J. O'Connell ("O'Connell Decl.") at Ex. 1 (SGHA excerpted pgs. 1-2)

4.      The Complaint alleges that, for purposes of boarding the flight and being transported to his seat, Plaintiff is required to be transferred to an "aisle chair": i.e., a wheelchair that fits in narrow aircraft aisles. (*Id.*) The Complaint alleges that "employees of the airlines [Frontier] or their agents [Huntleigh]" wheeled Plaintiff from the gate to the entrance to the aircraft and transferred him to an aisle chair. (*Id.* at ¶ 4) Plaintiff alleges that only one employee was assigned to wheel him onto the aircraft. (*Id.*) The one employee assigned to Plaintiff allegedly turned away, and Plaintiff was "dumped" from the aisle chair to the ground. (*Id.*)

5.      According to the Complaint, Defendants' actions caused the Plaintiff to sustain a fall onto his right shoulder, with ongoing weakness and pain in that shoulder requiring treatment,

and which may require surgery. (*Id.* at ¶¶ 4-5) Additionally, Plaintiff allegedly requires

additional ongoing daily assistance with his life functions. (*Id.* at ¶ 5) Furthermore, Plaintiff

Mary Jo Domann, who is alleged to be Plaintiff's wife and "first caregiver," allegedly suffers from

loss of society, as well as the need to provide additional care to Plaintiff now and in the future. (*Id.*

at ¶ 16)

6.      Through this lawsuit, Plaintiffs assert causes of action against all three Defendant,

alike, for "strict liability," "negligence and reckless disregard," "punitive damages," and

"consortium." (Id. at ¶¶ 6-12, 15-16)

7.      The online docket in the State Court Action shows that Plaintiffs served Fronter by

mail on November 17, 2022. (**Exhibit C**).  The online docket in the State Court Action shows that

Huntleigh has not been served despite attempts on November 18 and 28, 2022. (Id.; see also 28

U.S.C.  §  1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all

defendants who have been properly joined and served must join in or consent to the removal of

the action.") (emphasis added). Thus, Huntleigh's consent in this removal is not required.

9.      Additionally, as explained in detail below, the City was fraudulently joined in this

action for the purpose of defeating complete diversity. Thus, the City's consent in this removal is

not required. *See Chambers v. HSBC Bank USA*, 796 F.3d 560, 564 (6th Cir. 2015) (finding that

consent of fraudulently joined defendant is not needed for removal).

10.     As explained below, this action is removable to federal court under 28 U.S.C. §

1332(a) because there is complete diversity of citizenship between the properly joined parties, the

amount in controversy exceeds $75,000, and all the procedural requirements for removal are

satisfied.

11.     Alternatively, Plaintiffs allege that federal law creates their causes of action, so this

action is removable to federal court pursuant to federal question jurisdiction under 28 U.S.C. §

1331.

## II.    ARGUMENTS AND AUTHORITIES

### A.    There Is Complete Diversity of Citizenship Between Plaintiffs and the Properly Joined Defendants, and More Likely Than Not the Amount in Controversy Is in Excess of $75,000, So There is Diversity Jurisdiction Under 28 U.S.C. § 1332(a).

#### 1.    There Is Complete Diversity of Citizenship Between the Properly Joined Parties.

12.    Because the properly joined Plaintiffs are citizens of Ohio, and the properly joined

Defendants are citizens of Colorado, Missouri, and Texas, there is complete diversity of

citizenship between the properly joined parties to this case and removal is proper under 28 U.S.C.

§ 1332(a).

13.    Plaintiffs allege that they are residents of Strongsville, Ohio. (**Ex. A** pg. 1)).

Because Plaintiffs bring this suit in their individual capacities, they are citizens of Ohio for removal

purposes.

14.    Plaintiffs correctly allege that Defendant Frontier is and was at all times relevant to

these proceedings a corporation with its principal place of business in Denver, Colorado. (*Id.* at pg.

2) Additionally, Frontier is incorporated in the State of Colorado. (*See* **Ex. B**, O'Connell Decl. at

Ex. 2 (Frontier's Secretary of State registration details) For the purposes of diversity jurisdiction,

Frontier is a citizen of Colorado. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and

section 1441 of this title[,] a corporation shall be deemed to be a citizen of every State and foreign

state by which it has been incorporated and of the State or foreign state where it has its principal

place of business").

15.    Plaintiffs inaccurately or incompletely allege that Defendant Huntleigh is "officed"

in Cleveland, Ohio. (**Ex. A** pg. 2) However, whether Huntleigh maintains an office in Ohio is not

4

relevant to the jurisdictional analysis. *See* 28 U.S.C. § 1332(c)(1). Instead, Huntleigh is incorporated in the State of Missouri, and Huntleigh has its principal place of business in Texas. (*See* **Ex B**, O'Connell Decl. at Ex. 3; *id.* at Ex. 4). Thus, for the purposes of diversity jurisdiction, Huntleigh is a citizen of Missouri and Texas. *See* 28 U.S.C. § 1332(c)(1).

16.     As explained more fully below, Defendant City of Cleveland was fraudulently joined in this litigation. Therefore, its citizenship, should not be considered for purposes of the diversity analysis. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

17.     Because the City was fraudulently joined, Plaintiffs are Ohio citizens, and the properly joined Defendants are citizens of Colorado, Missouri, and Texas, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

### 2.     The Diversity-Defeating Party, the City of Cleveland, Was Fraudulently Joined.

18.     Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the non-diverse parties were fraudulently joined. See Coyne, 183 F.3d at 493 ("[The] fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."). A party is fraudulently joined where "there can be no recovery under the law of the state on the cause alleged" or where there is "no reasonable basis for predicting that the state law might impose liability on the facts involved." Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994). When determining whether a party has been fraudulently joined, the Court applies at test similar to the analysis under a Rule 12(b)(6) motion to dismiss. Casias v. Wal-Mart Stores, Inc., 695 F.3d 428, 433 (6th Cir. 2012).

19.     Here, the Ohio citizenship of Defendant City of Cleveland should be ignored under the doctrine of fraudulent joinder because the Complaint fails to state a claim for relief against the City. *See Casias*, 695 F.3d at 433.

20.    The Complaint alleges that "employees of the airlines [Frontier] or their agents [Huntleigh]" wheeled Plaintiff from the gate to the entrance to the aircraft and transferred him to an aisle chair. (*Id.* at ¶ 4) Plaintiff alleges that only one such employee was assigned to wheel him onto the aircraft. (*Id.*) The one employee assigned to Plaintiff allegedly turned away and Plaintiff was "dumped" from the aisle chair to the ground. (*Id.*) Plaintiff alleges that the aisle chair was not properly staffed with a "second employee to help him with the transfer to and the movement of the aisle chair" (*Id.* at ¶¶ 11, 14) Additionally, Plaintiff alleges that the foregoing incident was cause by an aisle chair that "was not properly managed or equipped," and that the condition of the aisle chair was not properly maintained. (*Id.* at ¶¶ 10, 14) All of the foregoing allegations are directed to Frontier and/or Huntleigh, and none are directed to the City.

21.    Instead, Plaintiffs merely allege that the City "owns and operates" CLE. (**Ex. A,** pg. 1) Additionally, Plaintiffs allege that the City "is subject to Title 49 of the U.S. Code in its duty to provide a safe airport which is adaptive to handicapped usage." (*Id.*; *see also id.* at ¶ 6) Plaintiffs also appear to allege that the City is liable under Title 29. (*See id.* at ¶ 6 ("Under…29 USC citizens of the U.S. have a public right of transit through navigable U.S. airspace and both airlines and airports have a duty to protect individuals utilizing these airports…"); *id.* at ¶ 9 ("Section 502 29 USC 792 requires that airports and airlines in [sic] their respective agents are required to make their facilities accessible for handicapped people"); *id.* at ¶ 11 ("…a disgraceful violation of 29 USC 92.")

22.    The Complaint, however, does not allege *any* facts showing how the City's ownership or operation of CLE caused or contributed to the alleged aisle chair incident. (*Id.*, generally) Additionally, the Complaint does not allege facts showing that a defect or hazards on the airport premises caused or contributed to the incident. (*Id.*) Furthermore, the Complaint does

not allege that any acts or omissions by any City employees or agents caused or contributed to the alleged incident. (*Id*.) Moreover, Plaintiffs do not allege that the City owned, operated, maintained, equipped, or staffed the aisle chair. (*Id*.)

23.     The basis for Plaintiffs' claims against the City under Title 49 and Tile 29 is totally unclear. Nevertheless, the Complaint does not allege any facts whatsoever regarding any architectural or other barriers confronted by Plaintiff at CLE or any discrimination against Plaintiff at CLE such that liability could be imposed on the City. Plaintiffs do not allege any facts showing that CLE is unsafe, inaccessible, not "adaptive to handicapped usage," or specifically failed to accommodate Plaintiff's specific disability. (*Id*.) To the contrary, the Complaint expressly alleges that Plaintiff was being accommodated and assisted from the airport terminal to all the way to his seat on the aircraft. However, Plaintiff allegedly did not make it to his seat only because the aisle chair moved (*id*. at 4), and not because of any alleged airport issues.

24.     Based on the alleged facts, there is "no reasonable basis for predicting that any law might impose liability on the City. The factual allegations in the Complaint cannot support a finding of liability against the City based on the "strict liability" or "negligence" causes of action alleged in the Complaint, or indeed based on any theory of recovery. The factual allegations in the Complaint do not plausibly demonstrate any right of recovery against the City. Plaintiffs simply offer conclusory allegations that the City is liable. Plaintiff's bald claims against the City are deficient as a matter of law and are not sufficient to state a colorable claim for relief. *See Murray Energy Holdings Co. v. Bloomberg, L.P.*, No. 2:15-CV-2845, 2016 WL 3355456, at *4 (S.D. Ohio June 17, 2016) (concluding that one of the plaintiffs was fraudulently joined after noting that the complaint did not contain specific factual allegations required to state a misappropriation claim and offered "mere legal conclusions as to 'Plaintiffs'' trade secret information").

25.     Regarding the "consortium" claim alleged by Plaintiff's wife, under Ohio law, "a claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury." *BoM'en v. Kil-Kare, Inc.*, 63 Ohio St. 3d 84, 93, 585 N.E.2d 384 (1992). Because Plaintiff fails to state a claim against the City, as set forth above, the derivative loss of consortium claim must fail, too.

26.     Because Plaintiffs have not, and cannot, state colorable claims for relief against Defendant City of Cleveland, the City was fraudulently joined and its citizenship must be ignored in the diversity analysis. *Coyne*, 183 F.3d at 493.

### 3.    The Amount in Controversy Exceeds $75,000.

27.     Plaintiff alleges that he is a paraplegic who allegedly has no use of his legs, uses a wheelchair, and thus is reliant on upper body strength in his shoulders and arms. (**Ex. A** ¶ 2; *see also* **Exhibit D**: Letter of representation ("You must understand the importance of his shoulder to a man who has no use of his legs.")) As a result of the alleged incident, Plaintiff allegedly an injury to his right shoulder, with continuing weakness and pain in that shoulder requiring treatment, and which may require surgery. (*Id*. at ¶¶ 4-5) Additionally, Plaintiff allegedly requires additional ongoing daily assistance with his life functions. These injuries and damages allegedly exceed $25,000 in damages. Thus, the amount on controversy is *at least* $25,000.01.

28.     In light of the severity of the allegations, the preponderance of the evidence demonstrates there is a reasonable possibility that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

29.     There is complete diversity of citizenship between Plaintiffs and the properly joined

Defendants, and more likely than not the amount in controversy is in excess of $75,000, so this

Court has original jurisdiction under 28 U.S.C. § 1332(a).

> **B.     In the Alternative, the Complaint Alleges That Federal Law Creates Plaintiff's Causes of Action, So There is Federal Question Jurisdiction Under 28 U.S.C. § 1331.**

30.     "Congress has given the lower federal courts jurisdiction to hear, originally or by

removal from a state court, only those cases in which a well-pleaded complaint established either

that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends

on resolution of a substantial question of federal law." *Palkow v. CSX Transportation, Inc.*, 431

F.3d 543, 552 (6th Cir.2006), (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*,

463 U.S. 1, 27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

31.     Here, Plaintiff expressly alleges that federal law creates his causes of action.

Specifically, Plaintiff alleges causes of action arising under Title 49 and Title 29. (**Ex. A** ¶6). As

discussed above, Plaintiff fails to state claims against the City under Titles 49 and 29 as a matter

of law, which demonstrates that the City was fraudulently joined. If the Court finds, however,

that Plaintiff did not fail to state claims against the City under Titles 49 and 29, or that Plaintiff

has stated colorable claims against Fronter or Huntleigh under Title 49 and/or Title 29, then such

claims provide a basis for this Court's federal question jurisdiction under 28 U.S.C. § 1331.

> **C.     The Procedural Requirements for Removal Are Satisfied.**

32.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it

is filed within 30 days after Plaintiffs served Frontier with the Complaint by mail on November

17, 2022. 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt

by or service on that defendant of the initial pleading or summons described in paragraph (1) to

file the notice of removal."). Additionally, this Notice of Removal is filed less than one year after

the commencement of the State Court Action. 28 U.S.C. § 1446(c)(1).

33.      Venue is proper because this is the District Court for the district and division embracing the place where the State Court Action was pending (Cuyahoga County, Ohio).  28 U.S.C. § 1441(a).

34.      As explained above, Defendant Huntleigh has not been proper joined and served, and Defendant City of Cleveland was fraudulently joined in this action, so Frontier does not need the consent of the other Defendants. 28 U.S.C. 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly *joined and served* must join in or consent to the removal of the action.") (emphasis added); *Chambers*, 796 F.3d at 564 (finding that consent of fraudulently joined defendant is not needed for removal).

35.      Pursuant to 28 U.S.C. § 1446(d), Frontier is providing Plaintiffs with written notice of the filing of this Notice of Removal and is filing a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Cuyahoga County, Ohio.

36.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action as of the date of removal are attached. (**Exhibit E**)

37.      Frontier has paid all appropriate and applicable fees of this Court.

Therefore, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Frontier Airlines, Inc. hereby removes the above-captioned State Court Action from the Court of Common Pleas of Cuyahoga County, Ohio.

Respectfully submitted,

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/ Scott R. Torpey
        Scott R. Torpey (0081561)
        Timothy J. O'Connell (0097276)
*Attorneys for Defendant Frontier Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
(248) 351-3000
storpey@jaffelaw.com
toconnell@jaffelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing upon all ECF Participants.

By:    /s/ Scott R. Torpey

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

MICHAEL DOMANN
AND
MARY JO DOMANN                                    Case No. _____
10824 Watercress Road
Strongsville, Ohio 44149                          Judge _____

      Plaintiffs,

      vs.

FRONTIER AIRLINES
C/O CORPORATION SERVICE
COMPANY
3366 Riverside Drive, #103
Upper Arlington, Ohio 43221

      AND

HUNTLEIGH USA CORP.
5300 Riverside Drive
Cleveland, Ohio 44135

      AND

CITY OF CLEVELAND
Cleveland Hopkins Airport
C/O 601 Lakeside Avenue E.
Cleveland, Ohio 44114

      Defendants.

<u>**INDEX OF EXHIBITS TO**</u>
<u>**DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL**</u>

| *Exhibit* | *Description* |
|-----------|---------------|
| A | Complaint – Cuyahoga County, Ohio |
| B | Declaration of Timothy O'Connell |
| C | Civil Case Docket – Cuyahoga County, Ohio |

1

| | | |
|---|---|---|
| D | Letter of Representation |
| E | State Court Pleadings |

# EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL DOMANN | ) | CASE NO.: |
| AND | ) | |
| MARY JO DOMANN | ) | |
| 10824 Watercress Road | ) | |
| Strongsville, Ohio 44149 | ) | |
| | ) | |
| | ) | JUDGE |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| FRONTIER AIRLINES | ) | |
| C/O CORPORATION SERVICE CO. | ) | |
| 3366 Riverside Drive, #103 | ) | |
| Upper Arlington, Ohio 43221 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| HUNTLEIGH USA CORP. | ) | |
| 5300 Riverside Drive | ) | |
| Cleveland, Ohio 44135 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| CITY OF CLEVELAND | ) | |
| Cleveland Hopkins Airport | ) | |
| C/O 601 Lakeside Avenue E. | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Defendants | ) | |

## PARTIES

Plaintiffs Michael and Mary Jo Domann are Husband and Wife and each natural born

U.S. Citizens and residents of Strongsville, Cuyahoga County, Ohio.

Defendant Frontier Airlines is major airline carrier as designated by the U.S. Department of Transportation whose main offices are headquartered in Denver, Colorado but keep offices and other minimum contacts in the State of Ohio where the airlines conduct significant business. Defendant Frontier Airlines is subject to Title 49 of the U.S. Code in the conduct of its business.

The City of Cleveland owns and operates Cleveland Hopkins Airport the 43rd busiest airport in the U.S and as such is subject to Title 49 of the U.S. Code in its duty to provide a safe airport which is adaptive to handicapped usage.

Defendant Huntleigh USA Corporation is officed in Cleveland, Ohio at the Hopkins Airport complex and provides wheelchair services in and about the Cleveland Hopkins Complex.

<u>**FACTS**</u>

1. Michael Domann is a retired U.S. Treasury employee who lives with his wife Mary Jo in Strongsville, Ohio.  Mary Jo is employed by Cuyahoga County.  They also own a home in Daytona Beach, Florida;

2. Michael has been a paraplegic since age 17 as a result of an automobile accident.  He has had no use of his legs in the last 45 years but has been quite adaptive to the use of his wheelchair and a modified environment in his home and van with the use of his upper body strength in his shoulders and his arms;

-2-

3.  Michael arrived at Cleveland Hopkins Airport on February 16, 2022 to fly to Orlando on Frontier Airlines Flight 1045.  As is the normal procedure in the facilitating paraplegic or any wheelchair limited fliers they must be transferred to "aisle chair" wheelchairs which fit airplane aisles before being transferred to their assigned seat for flight;

4.  On this occasion employees of the airlines or their agents wheeled Mr. Domann from the gate to the entrance to the place and transferred him to this "aisle chair".  Only one employee was assigned to Mr. Domann to wheel him onto the plane.  In his experience he had always had two assigners to seating him and to the management of wheeling the "aisle chair" onto and inside the airplanes.  The chair in question gave on movement as the one employee assigned Mr Domann turned away and Mr. Domann was "dumped" from his seat landing on his right shoulder.  Since his fall from the "aisle chair", Plaintiff Michael Domann has suffered from weakness and pain his his right shoulder and may require surgery;

5.  Mr. Domann has additionally, since his injury required additional assistance in going about his daily functions and has required additional pain medication as treatment for his shoulder.

**COUNT ONE**
**Strict Liability**

6.  Under 49 USC and 29 USC citizens of the U.S. have a public right of transit through navigable U.S. airspace and both airlines and airports have a duty to protect individuals utilizing these airports and airlines and have a

-3-

special duty of care in making these facilities safe and accessible to the handicapped.

7. When Michael Domann was in the care of the agents of the Defendants on the runway between the airplane door and the aisles the craft those agents in "respondent superior" where strictly and wholly responsible for Mr. Domann's care and the Defendants are strictly liable in Tort for the acts of those agents which are the proximate cause of injury, pain and suffering and a need to special cost and care.

## COUNT TWO
### Negligence and Reckless Disregard

8. Plaintiffs incorporate Paragraphs 1 - 7 as if fully rewritten herein.

9. Section 502 29 USC 792 requires that airports and airlines in their respective agents are required to make their facilities accessible for handicapped people.  Defendants therefore had a duty of care toward ticket holder Plaintiff to care for his special needs in the boarding process.

10. Defendants breached that duty of care in allowing Plaintiff to fall from the "aisle chair" which was not properly managed or equipped.

11. Plaintiff alleges that the absence of a second employee to help him with the transfer to and the movement of the "aisle chair" constitutes a willful and wanton and reckless disregard for Plaintiff in a disgraceful violation of 29 USC 92..

12. This disregard for Plaintiffs and are the direct and proximate result of these injuries now and in the future.

-4-

## COUNT THREE
## Punitive Damages

13. Plaintiffs hereby incorporate Paragraphs 1 - 13 as if fully rewritten herein.

14. Plaintiffs allege that failure to properly staff the use of the "aisle chair" and properly maintain condition to said chair is egregious and was knowingly authorized by Defendants and that the understaffing of that boarding was knowingly authorized, participated in and ratified by Defendants and these omissions which caused Plaintiff injuries.

## COUNT FOUR
## Consortium

15. Plaintiffs hereby incorporate Paragraphs 1 14 as if fully rewritten herein.

16. Plaintiff Mary Jo Domann is the spouse and first caregiver of her husband and as a proximate cause of his injury due to the actions of Defendants Mary Jo Domann suffers from the additional loss of society of her spouse and is required to provide additional care to him now and will suffer such damage in the future.

**WHEREFORE**, Plaintiffs pray for judgment as the Court deems proper in an amount in excess of $25,000.00 along with such other and further relief as the Court deems warranted under the circumstances in law or in equity.

Respectfully submitted,

CASSIDY & ASSOCIATES
MICHAEL P. CASSIDY - #0001087
Attorney for Plaintiffs
11221 Pearl Road, Suite 5
Strongsville, Ohio 44136-3344
(440) 728-7000
(440) 846-9770 Facsimile
Email: cassidylawfirm@gmail.com

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL DOMANN | ) | CASE NO.: |
| AND | ) | |
| MARY JO DOMANN | ) | |
| 10824 Watercress Road | ) | |
| Strongsville, Ohio 44149 | ) | |
| | ) | |
| | ) | JUDGE |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | INSTRUCTIONS FOR SERVICE |
| | ) | |
| FRONTIER AIRLINES | ) | |
| C/O CORPORATION SERVICE CO. | ) | |
| 3366 Riverside Drive, #103 | ) | |
| Upper Arlington, Ohio 43221 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| HUNTLEIGH USA CORP. | ) | |
| 5300 Riverside Drive | ) | |
| Cleveland, Ohio 44135 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| CITY OF CLEVELAND | ) | |
| Cleveland Hopkins Airport | ) | |
| C/O 601 Lakeside Avenue E. | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Defendants | ) | |

TO THE CLERK:

Please serve the Complaint upon the following Defendants, Frontier Airlines, c/o

Corporation Service Company at 3366 Riverside Drive, #103, Upper Arlington, Ohio 43221;

Huntleigh USA Corporation at 5300 Riverside Drive, Cleveland Ohio 44135; and, City of

Cleveland, at Cleveland Hopkins Airport, c/o. 601 Lakeside Avenue E., Cleveland, ohio 44114,

by Certified Mail, Return Receipt Requested pursuant to Civil Rule 4 – 4.6.

Respectfully submitted,

/s/ MICHAEL P. CASSIDY
CASSIDY & ASSOCIATES
Attorneys for Plaintiffs Michael and Mary Jo Domann
By:  MICHAEL P. CASSIDY - #0001087
11221 Pearl Road, Suite 5
Strongsville, Ohio 44136-3344
440-728-7000
440-846-9770 – Facsimile
Email:  cassidylawfirm@gmail.com

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MICHAEL DOMANN
AND
MARY JO DOMANN                          Case No. _____
10824 Watercress Road
Strongsville, Ohio 44149                Judge _____

      Plaintiffs,

      vs.

FRONTIER AIRLINES
C/O CORPORATION SERVICE
COMPANY
3366 Riverside Drive, #103
Upper Arlington, Ohio 43221

      AND

HUNTLEIGH USA CORP.
5300 Riverside Drive
Cleveland, Ohio 44135

      AND

CITY OF CLEVELAND
Cleveland Hopkins Airport
C/O 601 Lakeside Avenue E.
Cleveland, Ohio 44114

      Defendants.

## DECLARATION OF TIMOTHY J. O'CONNELL

In accordance with 28 U.S.C. § 1746, I hereby declare the following:

1.     My name is Timothy J. O'Connell. I am a partner at the law firm of Jaffe Raitt

Heuer & Weiss, P.C., which represents Defendant Frontier Airlines, Inc. ("Frontier") in litigation

originally filed in the Court of Common Pleas of Cuyahoga County, Ohio, as Case No. CV-22-

971208, *Michael Domann, et al. v. Frontier Airlines, Inc., et al.*, which Frontier is removing to the

United States District Court for the Northern District of Ohio, Eastern Division. I am over 18 years of age, of sound mind, and capable of making this declaration.

2.     The document attached as Exhibit 1 hereto is a true and correct copy of a two-page excerpt of the Standard Ground Handling Agreement between Frontier and Huntleigh USA Corporation for services at the Cleveland Hopkins International Airport ("CLE") during the relevant time period.

3.     The document attached as Exhibit 2 hereto is a true and correct copy of the Colorado Secretary of State's summary for Frontier that I downloaded from the Colorado Secretary of State's website on December 4, 2022.

4.     The document attached as Exhibit 3 hereto is a true and correct copy of the results of my business name search for "Huntleigh USA Corporation" on the Missouri Secretary of State website on November 30, 2022.

5.     The document attached as Exhibit 4 hereto is a true and correct copy of the "About Huntleigh" webpage that I downloaded from the Huntleigh USA Corporation website at https://www. https://huntleighusa.com/about.html on December 4, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 5th day of December, 2022.

/s/ Timothy J. O'Connell
Timothy J. O'Connell

# Exhibit 1

# STANDARD GROUND HANDLING AGREEMENT - SIMPLIFIED PROCEDURE

## ANNEX B10.1 – LOCATION(s), AGREED SERVICES AND CHARGES

to the Standard Ground Handling Agreement (SGHA) of 2013

| | |
|---|---|
| between: | **Frontier Airlines, Inc.** |
| having its principal office at: | 4545 Airport Way<br>Denver, CO 80239 |

and hereinafter referred to as the "Carrier"

| | |
|---|---|
| and: | **Huntleigh USA Corporation** |
| having its principal office at: | 545 E. John Carpenter Freeway, Suite 175<br>Irving, TX 75062 |

and hereinafter referred to as the "Handling Company"

the Carrier and/or the Handling Company may hereinafter be referred to as "the Party(ies)"

| | |
|---|---|
| effective from | January 1, 2019 |
| This Annex B10.1 for | |
| the location(s): | Cleveland Hopkins International Airport (the "Airport" and "CLE") |
| is valid from: | January 1, 2020 |
| and replaces: | B10.0 |

**PREAMBLE:**

This Annex B is prepared in accordance with the simplified procedure whereby the Parties agree that the terms of the Main Agreement and Annex A of the SGHA of 2013 as published by the International Air Transport Association shall apply to this Annex B as if such terms were repeated here in full. By signing this Annex B, the Parties confirm that they are familiar with the aforementioned Main Agreement and Annex A.

**PARAGRAPH 1. HANDLING SERVICES AND CHARGES**

1.1.    For a single ground handling consisting of the arrival and subsequent departure at agreed timings of the same aircraft, the Handling Company shall provide the following services of Annex A:

**SECTION 2. PASSENGER SERVICES**

**2.1.3**    When requested by the Carrier,

(a)    provide

special equipment and specially trained personnel, for assistance to
2. persons with reduced mobility (PRMs) ("Wheelchair Services")

## SECTION 6. SUPPORT SERVICES

6.2    Automated/Computer or Manual Recording Systems
6.2.2   Perform the following functions in
    (b) Handling Company's system
    for
    (11) Other functions – Wheelchair Services dispatch, tracking, data compilation
    (request times, response times, move information, compliments, complaints, etc.)

1.2.    Rates (in USD) for the services defined in sub-paragraph 1.1. of this Annex B are as
follows:

2020
    USD $ ▓▓ per turn

2021+
    USD $ ▓▓ per turn (Effective January 1ˢᵗ, 2021)

Performance Credits (Effective January 1, 2019)

Monthly Performance

|  |  | Station Monthly Departures | | |
|---|---|---|---|---|
|  |  | <63 | 63-212 | >212 |
| Wheelchairs | <95% of Planned Pushes w/in 10 mins. | ▓% off of monthly invoice | | |
|  | <97% of Unplanned Pushes w/in 20 mins. | ▓% off of monthly invoice | | |
|  | >30 Minute Unattended or Wait(s) | $▓ per Occurrence | | |
|  | Missing Wheelchair Data | $▓/Day | $▓/Day | $▓/Day |
| Complaint(s) | Verified complaint re service for which the Handling Company can't disprove | $▓ per Occurrence | | |
| Uniforms | Incomplete, dirty, untidy | $▓ per Occurrence or Complaint | | |

1.3.    In case of a change in mandated regulations effecting pay rates, hours/scope of operation, or
employee benefits, the Handling Company may request a renegotiation of rates upon ninety (90)
days' written notice to the Carrier.

1.4.    No extra charges beyond what is specifically stated above will be made for providing services on
legal holidays, weekends, evenings, or at night.

1.5.    Above indicated rates will be applicable for non-scheduled/diverted flights as well during the term
of this Agreement.

## PARAGRAPH 2: ADDITIONAL SERVICES AND CHARGES

2.1.    All services not included in Paragraph 1 of this Annex that the Carrier requests will be charged
at the rate(s) agreed to by the Parties.

# Exhibit 2



## Colorado
### Secretary of State
### Jena Griswold

About Secretary Griswold | Español

**For this Record...**
Filing history and documents
Get a certificate of good standing
File a form
Subscribe to email notification
Unsubscribe from email notification
Subscribe to text notification
Unsubscribe from text notification

Business Home
Business Information
Business Search

FAQs, Glossary and Information

# Summary

| Details | | | |
|---|---|---|---|
| **Name** | FRONTIER AIRLINES, INC. | | |
| **Status** | Good Standing | **Formation date** | 02/08/1994 |
| **ID number** | 19941015653 | **Form** | Corporation |
| **Periodic report month** | February | **Jurisdiction** | Colorado |
| **Principal office street address** | 4545 Airport Way, Denver, CO 80239, United States | | |
| **Principal office mailing address** | 4545 Airport Way, Denver, CO 80239, United States | | |

| Registered Agent | |
|---|---|
| **Name** | Corporation Service Company |
| **Street address** | 1900 W. Littleton Boulevard, Littleton, CO 80120, United States |
| **Mailing address** | 1900 W. Littleton Boulevard, Littleton, CO 80120, United States |

Filing history and documents

Get a certificate of good standing

Get certified copies of documents

File a form

Set up secure business filing

Subscribe to email notification

Unsubscribe from email notification

Subscribe to text notification

Unsubscribe from text notification

Back

Terms & conditions | Browser compatibility

# Exhibit 3



# John R. Ashcroft

## Missouri Secretary of State

## MISSOURI ONLINE BUSINESS FILING

| MY ACCOUNT | HOME | SEARCH | MISC INFO | UCC FILING | ❓ Help |
|---|---|---|---|---|---|

## Gen. Business - For Profit Details as of 11/30/2022

Required Field *

**File Documents** - select the filing from the "Filing Type" drop-down list, then click FILE ONLINE.

**File Registration Reports** - click FILE REGISTRATION REPORT.

**Copies or Certificates** - click FILE COPIES/CERTIFICATES.

**RETURN TO SEARCH RESULTS**

Create Filing
Articles of Amendment ▼

**FILE ONLINE**

**ORDER COPIES/ CERTIFICATES**

| General Information | Filings | Principal Office Address | Contact(s) |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Name(s) | HUNTLEIGH USA CORPORATION | Principal Office Address | 545 E John Carpenter Fwy ste 175 Irving, TX 75062-3931 |
| Type | Gen. Business - For Profit | Charter No. | 00361677 |
| Domesticity | Domestic | Home State | MO |
| Registered Agent | NATIONAL REGISTERED AGENTS, INC. 120 South Central Avenue Clayton, MO 63105 | Status | Good Standing |
| Date Formed | 1/17/1992 | | |
| Duration | Perpetual | | |
| Renewal Month | January | | |
| Report Due | 4/30/2023 | | |

The information contained on this page is provided as a public service, and may change at any time. The State, its employees, contractors, subcontractors or their employees do not make any warranty, expressed or implied, or assume any legal liability for the accuracy, completeness or usefulness of any information, apparatus, product or process disclosed or represent that its use would not infringe on privately-owned rights.

# Exhibit 4

≡  Huntleigh USA Corporation - About Huntleigh



Online Transportation Scheduling at LAS

Huntleigh USA Corp Security Client Portal

Huntleigh USA V-SaaS Support Ticketing
System

For Professional Security Services, please complete our online

security services request form.

For general information, we will happily contact you within 2 - 3

business days.

  833.HUNTUSA (833.486.8872)

Looking for Verification of Employment?





Case: 1:22-cv-02243-BMB  Doc #: 20-1  Filed:  03/25/24  38 of 61.  PageID #: 265

12/4/22, 7:48 AM        Case: 1:22-cv-02243  Doc #: 1-3  Filed: 12/13/22  13 of 17  PageID #: 34
Huntleigh USA Corporation - About Huntleigh

# ☰ Huntleigh USA Corporation - About Huntleigh



# Quick facts

## History

Established - 1992

Acquired by ICTS USA Inc. - 1999

Aviation and Related Services - 2000

Video Surveillance as a Solution - 2013

Real Time Operations Center - 2013

Advanced RTOC - 2016

---

# Who we are

## About us

Established in 1992, Huntleigh USA Corporation rapidly became a global leader in developing tailored, comprehensive, and effective security solutions for individuals and businesses alike. In 1999, Huntleigh USA Corporation was acquired by ICTS USA Inc., a subsidiary of ICTS International N.V., which has played a major role in aviation security since 1982.

With its highly skilled and experienced professional staff, supported



Electronically Filed 12/13/2022 11:53 AM / / CV 22 470066 / Confirmation Nbr. 2744904 / CLDLP

## ☰  Huntleigh USA Corporation - About Huntleigh

and Aviation Security Solutions and Services to commercial and private companies with varying operational volumes and needs.

This advantage, combined with Huntleigh USA Corporation's nationwide support structure, qualifies it as the low risk, best value choice to meet the demanding requirements of any organization. Our goal is to enhance the success of our clients and their operations by providing superior security, service and consulting with the highest degree of integrity and responsiveness.

Huntleigh USA Corporation thrives in a culture of trust, equality, teamwork, responsibility, high expectations, dependability and open communication with not only its employees and shareholders, but above all -- its customers.

Huntleigh USA Corporation -- We know how important security and service are to you.

## Our mission objectives

- Deliver a professional tailored service to meet our clients' specific needs and objectives.
- Provide our clients with a service that exceeds all expectations.
- Gain the trust and understanding of our clients' current needs and future visions and to provide dedication in pursuing the highest professional standard of security and safety services.



## Looking for a career?

Electronically Filed 12/13/2022 11:59 / NOTICE / CV 22 971208 / Confirmation Nbr. 2724901 / CLDLJ

# ≡ Huntleigh USA Corporation - About Huntleigh



## Our management team



### Richard Sporn



### Dennis Fox



**Richard Sporn - Chief Executive Officer**

Richard was appointed as the Chief Executive Officer of Huntleigh

USA Corporation Corporation, a wholly-owned subsidiary of ICTS

International N.V. in 2005. Prior to his appointment, Richard held

numerous senior leadership roles at Huntleigh USA

Corporation/ICTS during his more than 20 year tenure. Directly prior

Electronically Filed 12/13/2022 11:59 / NOTICE / CV 22 971208 / Confirmation Nbr. 2724901 / CLDLJ

# ☰ Huntleigh USA Corporation - About Huntleigh

and Training and in that role served as the key Huntleigh USA

Corporation individual responsible for client contracts,

communications, and overall client satisfaction. Prior to assuming

corporate staff responsibilities at Huntleigh USA Corporation,

Richard served as Managing Director for ICTS for nine years in

Vienna, Austria with full-range operational responsibilities for

finance, service delivery, administration, and client satisfaction.

Prior to that, Richard served ICTS as an internal Senior Consultant

for its operations in Asia, South America, and Europe where he

ensured superior service delivery via effective recruiting, selection,

training, and auditing programs.

**Dennis Fox - National Director of Operations**

Dennis joined Huntleigh USA Corporation in 1999 and serves as

National Director of Operations for Huntleigh USA Corporation

Corporation. Upon assuming his role with Huntleigh USA

Corporation Corporation, Dennis brought with him more than ten

years combined experience from aviation service companies such

as ITS and Andy Frain Services. His responsibilities included

aviation regulatory compliance, business development, and overall

operations. Dennis is accomplished in business development, client

relations, and internal auditing.



545 E. John Carpenter Freeway
Suite 175
Irving, TX 75062

info@huntleighusa.com

Electronically Filed 12/13/2022 11:56 / NOTICE / CV 22 971208 / Confirmation Nbr. 2724901 / CLDLJ

≡ Huntleigh USA Corporation - About Huntleigh



# EXHIBIT C

| Print |

# CASE INFORMATION

## CV-22-971208 MICHAEL DOMANN, ET AL vs. FRONTIER AIRLINES, ET AL

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 11/28/2022 | D2 | SR | CERTIFIED MAIL RECEIPT NO. 49071783 RETURNED 11/17/2022 FAILURE OF SERVICE ON DEFENDANT HUNTLEIGH USA CORP. - NOT DELIVRBL AS ADDR NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 11/23/2022 | N/A | SR | USPS RECEIPT NO. 49071782 DELIVERED BY USPS 11/17/2022 FRONTIER AIRLINES PROCESSED BY COC 11/23/2022. | |
| 11/18/2022 | N/A | SR | CERTIFIED MAIL RECEIPT NO. 49071783 RETURNED 11/17/2022 FAILURE OF SERVICE ON DEFENDANT HUNTLEIGH USA CORP. - UNABLE TO FORWARD NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 11/15/2022 | D3 | SR | SUMS COMPLAINT(49071784) SENT BY CERTIFIED MAIL. TO: CITY OF CLEVELAND 601 LAKESIDE AVENUE E. CLEVELAND, OH 44114 | 📄 |
| 11/15/2022 | D2 | SR | SUMS COMPLAINT(49071783) SENT BY CERTIFIED MAIL. TO: HUNTLEIGH USA CORP. 5300 RIVERSIDE DRIVE CLEVELAND, OH 44135 | 📄 |
| 11/15/2022 | D1 | SR | SUMS COMPLAINT(49071782) SENT BY CERTIFIED MAIL. TO: FRONTIER AIRLINES 3366 RIVERSIDE DRIVE, #103 UPPER ARLINGTON, OH 43221 | 📄 |
| 11/14/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 11/14/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 11/14/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 11/14/2022 | D3 | CS | WRIT FEE | |
| 11/14/2022 | D2 | CS | WRIT FEE | |
| 11/14/2022 | D1 | CS | WRIT FEE | |
| 11/10/2022 | N/A | SF | JUDGE KELLY ANN GALLAGHER ASSIGNED (RANDOM) | |
| 11/10/2022 | P1 | SF | LEGAL RESEARCH | |
| 11/10/2022 | P1 | SF | LEGAL NEWS | |
| 11/10/2022 | P1 | SF | LEGAL AID | |
| 11/10/2022 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 11/10/2022 | P1 | SF | COMPUTER FEE | |
| 11/10/2022 | P1 | SF | CLERK'S FEE | |
| 11/10/2022 | P1 | SF | DEPOSIT AMOUNT PAID MICHAEL P CASSIDY | |
| 11/10/2022 | N/A | SF | CASE FILED: COMPLAINT, SERVICE REQUEST | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
Website Questions or Comments.

Copyright © 2022 PROWARE. All Rights Reserved. 1.1.266

# EXHIBIT D

*Michael P. Cassidy*

*Cassidy & Associates*
*Michael P. Cassidy Co., L.P.A.*
*11221 Pearl Road*
*Strongsville, Ohio 44136*
*440-728-7000*
*440-846-0000 ext. 222*
*440-846-9770 - fax*
*cassidylawfirm@gmail.com*

June 29, 2022

City of Cleveland
Department of Law
601 Lakeside Avenue
Cleveland, Ohio 44113
Attn: Cleveland Hopkins Claims

In re:  My client: Michael A. Domann
        Incident boarding 2/16/22
        Frontier Airlines Flight 1045
        Cleveland to Orlando

Dear Sirs or Madams:

This office represents Michael Domann who was injured at Cleveland Hopkins on 2/16/2022 while boarding the above captioned flight at Hopkins Airport.

Mr. Domann is a retired U.S. Treasury employee who is a paraplegic.

On the day in question he had been transferred from his wheelchair to an "aisle chair" by employees of your company and/or Frontier and/or Hopkins. At the plane door his aisle-chair was mishandled and he was pitched out of the chair and suffered injury to his shoulder and neck.

We are awaiting his medical records, but believe some of this injury is of a permanent nature. You must understand the importance of his shoulder to a man who has no use of his legs.

We need to assess Cleveland Hopkins' involvement and responsibility in this matter.

We ask that you provide us with an incident report and that you open a claims file and forward to us the contact information of your claims' representative. Feel free to contact me.

Very truly yours,

Michael P. Cassidy

MPC/cjc

RECEIVED

JUL 0 6 2022

CITY OF CLEVELAND
DEPARTMENT OF LAW

*Of Counsel:*
*Paul W. Cassidy*
*Patrick J. Thomas*

# EXHIBIT E



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**November 10, 2022 10:32**

By: MICHAEL P. CASSIDY 0001087

Confirmation Nbr. 2699466

MICHAEL DOMANN, ET AL                         CV 22 971208

vs.

FRONTIER AIRLINES, ET AL                    **Judge:**  KELLY ANN GALLAGHER

**Pages Filed:**  5

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL DOMANN | ) | CASE NO.: |
| AND | ) | |
| MARY JO DOMANN | ) | |
| 10824 Watercress Road | ) | |
| Strongsville, Ohio 44149 | ) | |
| | ) | |
| | ) | JUDGE |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| FRONTIER AIRLINES | ) | |
| C/O CORPORATION SERVICE CO. | ) | |
| 3366 Riverside Drive, #103 | ) | |
| Upper Arlington, Ohio 43221 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| HUNTLEIGH USA CORP. | ) | |
| 5300 Riverside Drive | ) | |
| Cleveland, Ohio 44135 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| CITY OF CLEVELAND | ) | |
| Cleveland Hopkins Airport | ) | |
| C/O 601 Lakeside Avenue E. | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Defendants | ) | |

**PARTIES**

Plaintiffs Michael and Mary Jo Domann are Husband and Wife and each natural born

U.S. Citizens and residents of Strongsville, Cuyahoga County, Ohio.

Defendant Frontier Airlines is major airline carrier as designated by the U.S. Department of Transportation whose main offices are headquartered in Denver, Colorado but keep offices and other minimum contacts in the State of Ohio where the airlines conduct significant business. Defendant Frontier Airlines is subject to Title 49 of the U.S. Code in the conduct of its business.

The City of Cleveland owns and operates Cleveland Hopkins Airport the 43rd busiest airport in the U.S and as such is subject to Title 49 of the U.S. Code in its duty to provide a safe airport which is adaptive to handicapped usage.

Defendant Huntleigh USA Corporation is officed in Cleveland, Ohio at the Hopkins Airport complex and provides wheelchair services in and about the Cleveland Hopkins Complex.

## FACTS

1. Michael Domann is a retired U.S. Treasury employee who lives with his wife Mary Jo in Strongsville, Ohio.  Mary Jo is employed by Cuyahoga County.  They also own a home in Daytona Beach, Florida;

2. Michael has been a paraplegic since age 17 as a result of an automobile accident.  He has had no use of his legs in the last 45 years but has been quite adaptive to the use of his wheelchair and a modified environment in his home and van with the use of his upper body strength in his shoulders and his arms;

Electronically Filed 11/10/2022 10:32 / / CV 22 971208 / Confirmation Nbr. 2699466 / CLJSZ
Electronically Filed 12/13/2022 11:59 / NOTICE / CV 22 971208 / Confirmation Nbr. 2724901 / CLDLJ

3. Michael arrived at Cleveland Hopkins Airport on February 16, 2022 to fly
   to Orlando on Frontier Airlines Flight 1045. As is the normal procedure in
   the facilitating paraplegic or any wheelchair limited fliers they must be
   transferred to "aisle chair" wheelchairs which fit airplane aisles before
   being transferred to their assigned seat for flight;

4. On this occasion employees of the airlines or their agents wheeled Mr.
   Domann from the gate to the entrance to the place and transferred him to
   this "aisle chair". Only one employee was assigned to Mr. Domann to
   wheel him onto the plane. In his experience he had always had two
   assigners to seating him and to the management of wheeling the "aisle
   chair" onto and inside the airplanes. The chair in question gave on
   movement as the one employee assigned Mr Domann turned away and Mr.
   Domann was "dumped" from his seat landing on his right shoulder. Since
   his fall from the "aisle chair", Plaintiff Michael Domann has suffered from
   weakness and pain his his right shoulder and may require surgery;

5. Mr. Domann has additionally, since his injury required additional
   assistance in going about his daily functions and has required additional
   pain medication as treatment for his shoulder.

### COUNT ONE
### Strict Liability

6. Under 49 USC and 29 USC citizens of the U.S. have a public right of
   transit through navigable U.S. airspace and both airlines and airports have a
   duty to protect individuals utilizing these airports and airlines and have a

special duty of care in making these facilities safe and accessible to the handicapped.

7. When Michael Domann was in the care of the agents of the Defendants on the runway between the airplane door and the aisles the craft those agents in "respondent superior" where strictly and wholly responsible for Mr. Domann's care and the Defendants are strictly liable in Tort for the acts of those agents which are the proximate cause of injury, pain and suffering and a need to special cost and care.

## COUNT TWO
### Negligence and Reckless Disregard

8. Plaintiffs incorporate Paragraphs 1 - 7 as if fully rewritten herein.

9. Section 502 29 USC 792 requires that airports and airlines in their respective agents are required to make their facilities accessible for handicapped people. Defendants therefore had a duty of care toward ticket holder Plaintiff to care for his special needs in the boarding process.

10. Defendants breached that duty of care in allowing Plaintiff to fall from the "aisle chair" which was not properly managed or equipped.

11. Plaintiff alleges that the absence of a second employee to help him with the transfer to and the movement of the "aisle chair" constitutes a willful and wanton and reckless disregard for Plaintiff in a disgraceful violation of 29 USC 92..

12. This disregard for Plaintiffs and are the direct and proximate result of these injuries now and in the future.

## COUNT THREE
### Punitive Damages

13. Plaintiffs hereby incorporate Paragraphs 1 - 13 as if fully rewritten herein.

14. Plaintiffs allege that failure to properly staff the use of the "aisle chair" and properly maintain condition to said chair is egregious and was knowingly authorized by Defendants and that the understaffing of that boarding was knowingly authorized, participated in and ratified by Defendants and these omissions which caused Plaintiff injuries.

## COUNT FOUR
### Consortium

15. Plaintiffs hereby incorporate Paragraphs 1 14 as if fully rewritten herein.

16. Plaintiff Mary Jo Domann is the spouse and first caregiver of her husband and as a proximate cause of his injury due to the actions of Defendants Mary Jo Domann suffers from the additional loss of society of her spouse and is required to provide additional care to him now and will suffer such damage in the future.

**WHEREFORE**, Plaintiffs pray for judgment as the Court deems proper in an amount in excess of $25,000.00 along with such other and further relief as the Court deems warranted under the circumstances in law or in equity.

Respectfully submitted,

CASSIDY & ASSOCIATES
MICHAEL P. CASSIDY - #0001087
Attorney for Plaintiffs
11221 Pearl Road, Suite 5
Strongsville, Ohio 44136-3344
(440) 728-7000
(440) 846-9770 Facsimile
Email Ncassidylawfirus@gmail.com

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

MICHAEL DOMANN, ET AL
**Plaintiff**

V.

FRONTIER AIRLINES, ET AL
**Defendant**

**CASE NO.** CV22971208

**JUDGE** KELLY ANN GALLAGHER

# SUMMONS  SUMC  CM

Notice ID: 49071783

From:   MICHAEL DOMANN                     P1
        10824 WATERCRESS ROAD
        STRONGSVILLE OH 44136

Atty.:  MICHAEL P CASSIDY
        11221 PEARL ROAD
        SUITE 5
        STRONGSVILLE, OH 44136-0000

To:   HUNTLEIGH USA CORP.                  D2
      5300 RIVERSIDE DRIVE
      CLEVELAND OH 44135

## NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 11/14/2022

By_____
**Deputy**

CMSN130



## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

MICHAEL DOMANN, ET AL
**Plaintiff**

V.

FRONTIER AIRLINES, ET AL
**Defendant**

**CASE NO.** CV22971208

**JUDGE** KELLY ANN GALLAGHER

# SUMMONS  SUMC CM

**Notice ID:** 49071782

From:  MICHAEL DOMANN                     P1
       10824 WATERCRESS ROAD
       STRONGSVILLE OH 44136

Atty.:  MICHAEL P CASSIDY
        11221 PEARL ROAD
        SUITE 5
        STRONGSVILLE, OH 44136-0000

To:  FRONTIER AIRLINES                      D1
     C/O CORPORATAION SERVICE COMPANY
     3366 RIVERSIDE DRIVE, #103
     UPPER ARLINGTON OH 43221

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 11/14/2022

By_____
                                    **Deputy**

CMSN130

**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 11/21/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3547 3018 85. Our records indicate that this item was delivered on 11/17/2022 at 04:55 a.m. in COLUMBUS, OH 43221. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>MICHAEL DOMANN, ET AL</u>
**Plaintiff**

V.

<u>FRONTIER AIRLINES, ET AL</u>
**Defendant**

**CASE NO.** CV22971208

**JUDGE** KELLY ANN GALLAGHER

# SUMMONS  SUMC  CM

**Notice ID:** 49071784

| From: | MICHAEL DOMANN | P1 |
| | 10824 WATERCRESS ROAD | |
| | STRONGSVILLE OH 44136 | |

| Atty.: | MICHAEL P CASSIDY |
| | 11221 PEARL ROAD |
| | SUITE 5 |
| | STRONGSVILLE, OH 44136-0000 |

| To: | CITY OF CLEVELAND | D3 |
| | CLEVELAND HOPKINS AIRPORT | |
| | 601 LAKESIDE AVENUE E. | |
| | CLEVELAND OH 44114 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>11/14/2022</u>

By_____
**Deputy**

CMSN130

JS 44 (Rev. 3/22)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Michael Domann, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael P. Cassidy (0001087), 11221 Pearl Road, Suite 5, Strongsville, OH 44136 (440) 846-0000

## DEFENDANTS

Frontier Airlines, et al.

County of Residence of First Listed Defendant   Denver, Colorado
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Scott R. Torpey (0081561), Jaffe Raitt Heuer & Weiss, P.C., 27777 Franklin Road, Suite 2500, Southfield, MI 48034 (248) 351-3000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal ☐ 340 Marine / Injury Product ☐ 345 Marine Product / Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability / **PERSONAL PROPERTY** ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage ☐ 362 Personal Injury - / Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | Exchange ☐ 890 Other Statutory Actions |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence | | | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty Employment / **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education / ☐ 555 Prison Condition ☐ 560 Civil Detainee - / Conditions of / Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.SC .1332(a)
Brief description of cause:
Plaintiff allegedly injured while boarding commercial aircraft.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
12/13/22

SIGNATURE OF ATTORNEY OF RECORD
/s/Scott R. Torpey

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**   Civil Categories: (Please check one category only ).

1.  ☑  General Civil
2.  ☐  Administrative Review/Social Security
3.  ☐  Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE:

CASE NUMBER:

**II.**   **RELATED OR REFILED CASES** See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: ☐ is **RELATED** to another **PENDING** civil case  ☐ is a **REFILED** case  ☐ was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**   In accordance with Local Civil Rule  **3.8,** actions involving counties in the Eastern Division shall be filed at any of  the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1)   <u>Resident defendant</u>. If the defendant resides in a county within this district, please set forth the name of such county
<u>COUNTY:</u> Cuyahoga
<u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2)   <u>Non-Resident defendant.</u> If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
<u>COUNTY:</u>

(3)   <u>Other Cases</u>. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
<u>COUNTY:</u>

**IV.**   The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section  III, please check the appropriate division.

<u>EASTERN DIVISION</u>

☐  AKRON            (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
☑  CLEVELAND        (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
☐  YOUNGSTOWN       (Counties: Columbiana, Mahoning and Trumbull)

<u>WESTERN DIVISION</u>

☐  TOLEDO           (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

JS 44 Reverse (Rev. 3/22)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.