IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL DOMANN
AND
MARY JO DOMANN  　　　　　　　　　　　　　Case No. 1:22-cv-2243
10824 Watercress Road
Strongsville, Ohio 44149

　　　　Plaintiffs,

　　　　vs.

FRONTIER AIRLINES
C/O CORPORATION SERVICE
COMPANY
3366 Riverside Drive, #103
Upper Arlington, Ohio 43221

　　　　AND

HUNTLEIGH USA CORP.
5300 Riverside Drive
Cleveland, Ohio 44135

　　　　AND

CITY OF CLEVELAND
Cleveland Hopkins Airport
C/O 601 Lakeside Avenue E.
Cleveland, Ohio 44114

　　　　Defendants.

---

**DEFENDANT CITY OF CLEVELAND'S AMENDED ANSWER TO COMPLAINT
AFFIRMATIVE DEFENSES, AND JURY DEMAND**

　　　　Defendant City of Cleveland (the "City"), by and through its attorneys, Taft Stettinius &

Hollister LLP, submits the following for its Amended Answer to Plaintiffs' Complaint as follows:

**PARTIES**

Plaintiffs Michael and Mary Jo Domann are Husband and Wife and each natural born U.S. Citizens and residents of Strongsville, Cuyahoga County, Ohio.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

Defendant Frontier Airlines is major airline carrier as designated by the U.S. Department of Transportation whose main offices are headquartered in Denver, Colorado but keep offices and other minimum contacts in the State of Ohio where the airlines conduct significant business. Defendant Frontier Airlines is subject to Title 49 of the U.S. Code in the conduct of its business.

**ANSWER:** Admitted that Frontier is major airline carrier that conducts business in Ohio. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies them.

The City of Cleveland owns and operates Cleveland Hopkins Airport the 43rd busiest airport in the U.S and as such is subject to Title 49 of the U.S. Code in its duty to provide a safe airport which is adaptive to handicapped usage.

**ANSWER:** Admitted that The City owns and operates Cleveland Hopkins International Airport ("CLE") which is one of the busiest airports in the U.S. The City neither admits nor denies the remaining allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, the City states that, to the extent any duty was owed, none was breached, and accordingly, denied.

Defendant Huntleigh USA Corporation is officed in Cleveland, Ohio at the Hopkins Airport complex and provides wheelchair services in and about the Cleveland Hopkins Complex.

**ANSWER:** Admitted that Huntleigh USA Corporation ("Huntleigh") maintains offices at CLE. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies them.

### FACTS

1. Michael Domann is a retired U.S. Treasury employee who lives with his wife Mary Jo in Strongsville, Ohio. Mary Jo is employed by Cuyahoga County. They also own a home in Daytona Beach, Florida.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

2. Michael has been a paraplegic since age 17 as a result of an automobile accident. He has had no use of his legs in the last 45 years but has been quite adaptive to the use of his wheelchair and a modified environment in his home and van with the use of his upper body strength in his shoulders and his arms.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

3. Michael arrived at Cleveland Hopkins Airport on February 16, 2022 to fly to Orlando on Frontier Airlines Flight 1045. As is the normal procedure in the facilitating paraplegic or any wheelchair limited fliers they must be transferred to "aisle chair" wheelchairs which fit airplane aisles before being transferred to their assigned seat for flight.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

4. On this occasion employees of the airlines or their agents wheeled Mr. Domann from the gate to the entrance to the place [sic] and transferred him to this "aisle chair". Only one

employee was assigned to Mr. Domann to wheel him onto the plane. In his experience he had always had two assignors to seating him and to the management of wheeling the "aisle chair" onto and inside the airplanes. The chair in question gave on movement as the one employee assigned Mr. Domann turned away and Mr. Domann was "dumped" from his seat landing on his right shoulder. Since his fall from the "aisle chair", Plaintiff Michael Domann has suffered from weakness and pain his right shoulder and may require surgery.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

5. Mr. Domann has additionally, since his injury required additional assistance in going about his daily functions and has required additional pain medication as treatment for his shoulder.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

**COUNT ONE**
**Strict Liability**

6. Under 49 USC and 29 USC citizens of the U.S. have a public right of transit through navigable U.S. airspace and both airlines and airports have a duty to protect individuals utilizing these airports and airlines and have a special duty of care in making these facilities safe and accessible to the handicapped.

**ANSWER:** Answering for the City, only (*see* Fed. R. Civ. P. 8(b)(1)), the City neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, the City states that, to the extent any duty was owed, none was breached, and accordingly, denied.

4

7. When Michael Domann was in the care of the agents of the Defendants on the runway between the airplane door and the aisles the craft those agents in "respondent superior" where strictly and wholly responsible for Mr. Domann's care and the Defendants are strictly liable in Tort for the acts of those agents which are the proximate cause of injury, pain and suffering and a need to special cost and care.

**ANSWER:** Answering for the City, only (*see* Fed. R. Civ. P. 8(b)(1)), denied.

## COUNT TWO
### Negligence and Reckless Disregard

8. Plaintiffs incorporate Paragraphs 1 - 7 as if fully rewritten herein.

**ANSWER:** The City incorporates its answers to all preceding paragraphs, including Paragraphs 1-7, as if fully rewritten herein.

9. Section 502 29 USC 792 requires that airports and airlines in their respective agents are required to make their facilities accessible for handicapped people. Defendants therefore had a duty of care toward ticket holder Plaintiff to care for his special needs in the boarding process.

**ANSWER:** Answering for the City, only (*see* Fed. R. Civ. P. 8(b)(1)), the City neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, the City states that, to the extent any duty was owed, none was breached, and accordingly, denied.

10. Defendants breached that duty of care in allowing Plaintiff to fall from the "aisle chair" which was not properly managed or equipped.

**ANSWER:** Answering for the City, only (*see* Fed. R. Civ. P. 8(b)(1)), denied.

11. Plaintiff alleges that the absence of a second employee to help him with the transfer to and the movement of the "aisle chair" constitutes a willful and wanton and reckless disregard

for Plaintiff in a disgraceful violation of 29 USC 92.

**ANSWER:** Answering for the City, only (*see* Fed. R. Civ. P. 8(b)(1)), the City neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, the City states that, to the extent any duty was owed, none was breached, and accordingly, denied.

12. This disregard for Plaintiffs and are the direct and proximate result of these injuries now and in the future.

**ANSWER:** Answering for the City, only (*see* Fed. R. Civ. P. 8(b)(1)), denied.

## COUNT THREE
## Punitive Damages

13. Plaintiffs hereby incorporate Paragraphs 1 - 13 [sic] as if fully rewritten herein.

**ANSWER:** The City incorporates its answers to all preceding paragraphs, including Paragraphs 1-12, as if fully rewritten herein.

14. Plaintiffs allege that failure to properly staff the use of the "aisle chair" and properly maintain condition to said chair is egregious and was knowingly authorized by Defendants and that the understaffing of that boarding was knowingly authorized, participated in and ratified by Defendants and these omissions which caused Plaintiff injuries.

**ANSWER:** Answering for the City, only (*see* Fed. R. Civ. P. 8(b)(1)), denied.

## COUNT FOUR
## Consortium

15. Plaintiffs hereby incorporate Paragraphs 1 - 14 as if fully rewritten herein.

**ANSWER:** The City incorporates its answers to all preceding paragraphs, including Paragraphs 1-14, as if fully rewritten herein.

16. Plaintiff Mary Jo Domann is the spouse and first caregiver of her husband and as a

proximate cause of his injury due to the actions of Defendants Mary Jo Domann suffers from the additional loss of society of her spouse and is required to provide additional care to him now and will suffer such damage in the future.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff Mary Jo Domann is the spouse and first caregiver of Plaintiff Michael Domann, and on that basis denies them. Answering for the City, only (*see* Fed. R. Civ. P. 8(b)(1)), the remaining allegations are denied.

## AFFIRMATIVE DEFENSES AND AVOIDANCES

Defendant City of Cleveland (the "City"), by and through its attorneys, Taft Stettinius & Hollister LLP, states the following as its affirmative defenses and/or avoidances in this matter, which may be amended or withdrawn as additional facts become known:

1. Plaintiffs have failed to state a cause of action for which relief may be granted as to the City.

2. Plaintiff was himself contributorily negligent and such negligence has proximately contributed to cause, in an amount greater than that of the Defendants, the injuries of which Plaintiff now complains.

3. Plaintiffs have failed to mitigate or minimize their own damages.

4. Plaintiffs' injuries were the result of a superseding or intervening act for which the City is not responsible.

5. The City is entitled to all immunities, limitations, and defenses contained in Ohio Revised Code 2744.01, *et seq*.

6. Plaintiffs have failed to join a party necessary and indispensable for the just adjudication of this matter pursuant to Fed. R. Civ. P. 19.

7. The City affirmatively states that if they were negligent, which negligence is specifically denied, then Plaintiffs' negligence was greater than the combined negligence of all persons and/or entities for who recovery is sought.

8. The City affirmatively states that Plaintiffs' injuries were caused by third parties not within the control of the City.

9. The City affirmatively state that Plaintiffs' action was not timely commenced and is thus barred by the applicable statute of limitations.

10. The City affirmatively states that Plaintiff failed to avoid an open and obvious hazard, thus causing his own injuries.

11. The City affirmatively assert the defense of apportionment to potentially negligent non-parties in accordance with Ohio Revised Code §2307.23.

12. Plaintiffs' claims are preempted and barred, in whole or in part, by federal law, including but not limited to the Airline Deregulation Act, 49 U.S.C. § 41713(b).

13. Plaintiffs' claims are barred, in whole or in part, by the doctrines of comparative negligence, contributory negligence, assumption of the risk, and/or failure to mitigate damages regarding the actions of Plaintiffs leading up to and during the incident and in treatment.

WHEREFORE, Defendant City of Cleveland demands that Plaintiffs' Complaint be dismissed with prejudice at Plaintiffs' cost.

## JURY DEMAND

Defendant City of Cleveland (the "City"), by and through its attorneys, Taft Stettinius & Hollister LLP, hereby demands a trial by jury as applicable to all claims and defenses in this case, with the exception of issues of law that are appropriate for the Court to decide.

Respectfully submitted,

|  | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| Date:  April 10, 2024 | By: */s/ Scott R. Torpey*<br>Scott R. Torpey (0081561)<br>Timothy J. O'Connell (0097276)<br>*Attorneys for Defendant City of Cleveland*<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034-8214<br>(248) 351-3000<br>storpey@taftlaw.com<br>toconnell@taftlaw.com |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 11, 2024, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Date:  April 10, 2023                  By: */s/ Scott R. Torpey*
                                                  Scott R. Torpey (0081561)