UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DOMANN, et al., | ) CASE NO.: 1:22-CV-02243-BMB |
| Plaintiffs, | ) JUDGE BRIDGET MEEHAN BRENNAN |
| vs. | ) |
| FRONTIER AIRLINES, INC., et al., | ) **HUNTLEIGH USA CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| Defendants. | ) |

NOW COMES Defendant, Huntleigh USA Corporation ("Defendant"), and for its Answer to Plaintiffs' Complaint, states as follows:

**RESPONSE TO PARTIES**

Defendant denies for want of knowledge or information sufficient to state the truth or veracity of Plaintiffs allegations regarding Michael and Mary Jo Domann in the unnumbered paragraph in the "Parties" section of the Complaint.

Defendant admits Frontier Airlines, Inc. is an airline carrier that conducts business in Ohio. Defendant otherwise denies for want of knowledge or information sufficient to state the truth or veracity of Plaintiffs allegations regarding Frontier Airlines in the unnumbered paragraph in the "Parties" section of the Complaint.

Defendant denies for want of knowledge or information sufficient to state the truth or veracity of Plaintiffs allegations regarding The City of Cleveland in the unnumbered paragraph in the "Parties" section of the Complaint.

Defendant admits that, in 2022, it offered carious wheelchair services for passengers flying on certain airlines at Cleveland Hopkins Airport. Defendant Otherwise denies for want of

knowledge or information sufficient to state the truth or veracity of Plaintiffs allegations regarding Huntleigh USA Corporation in the unnumbered paragraph in the "Parties" section of the Complaint.

## RESPONSE TO FACTS

1. Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations in Paragraph 1 of Plaintiffs' Complaint.

2. Defendant admits that on or about February 16, 2022, Michael Domann was using a wheelchair to ambulate. Defendant otherwise denies for want of knowledge or information sufficient to state the truth or veracity of the allegations in Paragraph 2 of Plaintiffs' Complaint.

3. Defendant admits Mr. Domann was at Cleveland Hopkins Airport on February 16, 2022, to fly on Frontier Airlines flight 1045. Defendant further admits that, if requested, passengers with paraplegia can be transferred to an aisle chair. Defendant denies that being transferred to an aisle chair is the general procedure for boarding "any wheelchair limited" passenger and denies all remaining allegations in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant denies it is an agent of the airlines but admits it assisted Mr. Domann with boarding Frontier Airlines flight 1045 on or about February 16, 2022. Defendant further admits that two persons are typically used to assist a passenger in an aisle chair; that Plaintiff, Michael Domann, was informed of this and asked to wait for a second assistant to arrive; and that Mr. Domann chose to move himself anyway. Defendant otherwise denies the allegations in Paragraph 4 of Plaintiffs' Complaint.

5. Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the remaining allegations in Paragraph 5 of Plaintiffs' Complaint.

## RESPONSE TO COUNT ONE
### Strict Liability

6. Defendant states Paragraph 6 of Plaintiffs' Complaint purports to state conclusions of law for which no response is required. To the extent a response is required, Defendant states that Chapters 49 and 29 of the United States Code speak for themselves and denies any incomplete or non-contextual characterization or description, and any mischaracterization or misdescription, about the scope, language and intent of the referenced Code provisions. Defendant further admits it is subject to certain duties imposed by law and that it acted in accordance with those legal duties at all times. Defendant otherwise denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant denies the allegations in Paragraph 7 of Plaintiffs' Complaint.

## RESPONSE TO COUNT TWO
### Negligence and Reckless Disregard

8. Defendant incorporates each and every preceding paragraph as if fully rewritten herein.

9. Defendant states Paragraph 9 of Plaintiffs' Complaint purports to state conclusions of law for which no response is required. To the extent a response is required, Defendant states that 29 USC §792 and 502 speak for themselves and denies any incomplete or non-contextual characterization or description, and any mischaracterization or misdescription, about the scope, language and intent of the referenced Code provisions. Defendant further admits it is subject to certain duties imposed by law and that it acted in accordance with those legal duties at all times. Defendant otherwise denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

## RESPONSE TO COUNT THREE
### Punitive Damages

13. Defendant incorporates each and every preceding paragraph as if fully rewritten herein.

14. Defendant denies the allegations in Paragraph 14 of Plaintiffs' Complaint.

## RESPONSE TO COUNT FOUR
### Consortium

15. Defendant incorporates each and every preceding paragraph as if fully rewritten herein.

16. Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the remaining allegations in Paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies all allegations contained in Plaintiffs' Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' actions may be barred by the applicable statute of limitations.

2. Plaintiffs' claims may be barred in whole or in part because Huntleigh USA did not owe the alleged duties to Plaintiffs.

3. Plaintiffs' claims are barred in whole or in part because Huntleigh did not breach any duty owed to Plaintiffs.

4. Plaintiffs' claims are barred in whole or in part because there is no causal relationship between the injuries allegedly suffered by Plaintiffs and Huntleigh USA's alleged acts and/or omissions.

5. This Defendant asserts the affirmative defenses of comparative negligence and contributory negligence.

6. This Defendant asserts the affirmative defenses of estoppel, laches, and waiver.

7. Plaintiffs have failed to state a claim upon which relief may be granted.

8. The injuries alleged in Plaintiffs' Complaint may have been caused by third parties which this Defendant was under no duty or obligation to control.

9. Plaintiffs may have failed to join a necessary party.

10. Plaintiffs have failed to mitigate her alleged loss or damage, if any.

11. Plaintiffs' claims are barred by the doctrine of intervening superseding cause.

12. Plaintiffs' injuries may be the result of an unavoidable accident.

13. Defendant may be entitled to a set-off for any funds accepted by Plaintiffs from third party in connection with Plaintiffs' Claims.

14. Medicare and/or Medicaid may have an interest in this litigation by virtue of the Plaintiffs' receipt of past or current benefits and/or entitlement to benefits in the future. Accordingly, Defendants assert that, to the extent Medicare and/or Medicaid has such an interest, Plaintiffs must take all necessary and appropriate steps to notify Medicare and/or Medicaid and to protect such interest in the event of a recovery herein whether by settlement or verdict.

15. Plaintiffs' claims are barred in whole or in part to the extent any claimed injuries/damages were caused by unrelated, pre-existing, or subsequent conditions.

16. The injuries and damages described by Plaintiffs in Plaintiffs' Complaint were proximately caused by the acts and/or omissions of persons and/or entities other than Defendants over whom Defendants had no control, no right to control, no duty to control and, in fact, did not control, and therefore, Plaintiffs cannot recover from Defendants.

17. Defendants are entitled to an apportionment of liability to non-parties to this action pursuant to R.C. §2307.23.

18. Plaintiffs have failed to plead special damages with specificity pursuant to Fed. R. Civ. P. 9(G) and therefore cannot recover special damages in this case from Defendants.

19. This Defendant reserves the right to add additional defenses as facts are developed.

WHEREFORE, having fully answered, Defendant respectfully contends that Plaintiffs' Complaint should be dismissed with prejudice, that it recover its costs, expenses, and reasonable attorney's fees incurred herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

SUTTER O'CONNELL Co.

*/s/ Kevin W. Kita*
KEVIN W. KITA (0088029)
1301 East 9th Street
3600 Erieview Tower
Cleveland, Ohio 44114
(216) 928-2200
Fax: (216) 928-4400
kkita@sutter-law.com
*Attorneys for Huntleigh USA Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of May, 2024, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Kevin W. Kita*
KEVIN W. KITA (0088029)